[No. 12334. Department One. — March 1, 1890.]

## HARRIET A. MOORE, RESPONDENT, v. MOSES HOPKINS, APPELLANT.

ABATEMENT — ANOTHER ACTION PENDING — DISMISSAL OF FORMER ACTION. — A judgment of dismissal of a former action between the same parties, and for the same cause, entered after the trial of the second action has commenced, but before its conclusion, is a good answer to a plea in abatement of the former action.

BREACH OF PROMISE OF MARRIAGE — RELEASE OF LIABILITY — CERTIFICATE OF ACKNOWLEDGMENT — RECITALS NOT CONCLUSIVE — INSTRUCTION. — The facts recited in a notary's certificate of acknowledgment attached to a receipt and release from liability for a breach of promise of marriage, pursuant to section 1948 of the Code of Civil Procedure, are only *prima facie* evidence of the execution of the instrument, and are not conclusively presumed to be true. The rule applicable to acknowledgments of conveyances by married women does not apply; and the facts recited in such certificate may be contradicted by any evidence, direct or indirect. An instruction that the evidence of the party named in the certificate, denying the genuineness and due execution of the instrument, is not sufficient to overcome the certificate, should be refused.

ID. — IMPROPER MOTIVES OF DEFENDANT — EXEMPLARY DAMAGES FOR BREACH OF PROMISE — INAPPLICABLE INSTRUCTION — ASSUMING FACTS NOT PROVED. — In an action for breach of promise of marriage, where the record discloses no evidence tending to show any improper motive on the part of the defendant in entering into the alleged contract of marriage with the plaintiff, it is prejudicial error for the court to instruct the jury that "a man who enters into a contract of marriage with improper motives, and then ruthlessly and unjustifiably breaks it off, does a wrong to the woman, for which she is entitled to exemplary damages," as such instruction assumes and intimates to the jury that there was evidence tending to show improper motives.

Appeal from a judgment of the Superior Court of San Mateo County, and from an order denying a new trial.

The facts are stated in the opinion.

*Wilson & Wilson, Samuel M. Wilson,* and *E. F. Fitzpatrick,* for Appellant.

*Moses G. Cobb, George C. Ross, Henry E. Wills,* and *James A. Waymire,* for Respondent.

Foote, C.—This action was instituted to recover damages from the defendant, based upon an alleged breach of a promise of marriage made by him to the plaintiff. The jury returned a verdict for the plaintiff; from the judgment rendered thereon, and an order denying a new trial, the defendant has appealed.

Among other matters by way of defense, the defendant pleaded in abatement that another action was pending at the time this suit was brought, between the same parties, and for the same cause of action.

It is contended that the judgment of dismissal of a former action between the same parties, and for the same cause, was not admissible in evidence on the trial of the present cause, because, as is claimed, it is no answer to a plea in abatement of a pending action that a judgment of dismissal of the former action is entered after the trial of the second action has commenced, but before its conclusion. This contention, we think, is not well founded. A dismissal of a prior action may be made and judgment entered at any time before the trial of the second action is completed. (*Dyer* v. *Scalmanini,* 69 Cal. 639; *Hixon* v. *Schooley,* 26 N. J. L. 461, 462; *Averill* v. *Patterson,* 10 N. Y. 501.)

The appellant further urges that the certificate of acknowledgment of a notary public to a release and receipt, such as is here involved, is conclusive as to the facts stated in the certificate, and they cannot be contradicted by the parol evidence of the plaintiff.

The statute under which instruments of the kind under consideration are allowed to be acknowledged provides, among other things: "And the certificate of such acknowledgment or proof is *prima facie* evidence of the execution of the writing." (Code Civ. Proc., sec. 1948.)

"*Prima facie* evidence is that which suffices for the proof of a particular fact, until contradicted and overcome by other evidence." (Code Civ. Proc., sec. 1833.)

"Conclusive or unanswerable evidence is that which the law does not permit to be contradicted." (Code Civ. Proc., sec. 1837.)

"A presumption (unless declared by law to be conclusive) may be controverted by other evidence, direct or indirect." (Code Civ. Proc., sec. 1961.)

It therefore appears that the facts recited in the certificate attached to the release and receipt given by the plaintiff to the defendant or his agent, admitted in evidence, are only *prima facie* presumed to be true, and can be contradicted by any evidence, direct or indirect. Wherefore the instruction asked for by the defendant, viz.: "In this case, the plaintiff has offered no evidence other than her own which denies either the genuineness or the due execution of the receipt and release in evidence in this case, and I therefore instruct you that her evidence alone is not sufficient to overcome the certificate of acknowledgment of the notary public annexed to said release, and direct you to render a verdict in favor of the defendant,"—was properly refused by the court.

We do not conceive that what we have here said is at all in conflict with the decision in *Banning* v. *Banning*, 80 Cal. 272, which was in reference to the force and effect of a notary's certificate to a conveyance of a married woman under section 1187 of the Civil Code, which provides that a conveyance by a married woman has *no validity* unless acknowledged in the manner prescribed by the statute; and the acknowledgment of such a con-

veyance has been held to be a part of the *execution* of the instrument itself. (*Joseph* v. *Dougherty*, 60 Cal. 360.)

As to the other main contention of the defendant for a reversal of the judgment and order, viz., that the verdict of the jury was for excessive damages, and that a certain instruction granted by the court was misleading, and caused such verdict to be rendered, it may be said with propriety, that, whether the amount of the verdict was excessive or not (about which we express no opinion), it is clear that the jury may have been misled by the following instruction: "A man who enters into a contract of marriage with a woman with improper motives, and then ruthlessly and unjustifiably breaks it off, does a wrong to the woman, for which she is entitled to exemplary damages."

There was no evidence whatever in the record to show that the defendant, if he entered into a contract of marriage with the plaintiff, intended to make any effort to undermine her chastity, or to do any other improper act of that sort. Nor is there any evidence (which the plaintiff's counsel argues to exist) that he entered into the contract with any levity, or in a heartless way, having the intention to break it off, after amusing and enjoying himself in her society as her betrothed.

There is certainly no evidence proceeding from the defendant that he had any but true and honest motives in the matter, for he says that all his conduct toward her was through "cordial friendship." If, then, his testimony does not show him to be guilty of any improper motive, prompted by levity, deceit, or faithlessness, he certainly cannot be said to have had any such motive; for the plaintiff in the most unmistakable manner stamps him as one not capable of such conduct when she says: "He was a gentleman; there is no mistake about it. He treated me as a gentleman should treat a lady."

Since the record discloses no sort of improper motive on the part of the defendant in entering into the alleged

contract of marriage with the plaintiff, it was prejudicial to him for the court to intimate to the jury, as it did, that there was evidence tending to show such improper motive to have been entertained by him. The existence of evidence tending, at least, to show such motive on the part of the defendant is assumed in the instruction, and as no such evidence was before the jury, and no such charge in the pleadings, we must presume that the jury was influenced by the importation of a fact into the case (through the language of the court) which did not appear in the evidence. For this reason, we advise that the judgment and order be reversed.

BELCHER, C. C., and GIBSON, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are reversed.

Hearing in Bank denied.