In re JOHNSTON et al.

(District Court, S. D. California, S. D. February 1, 1915.)

1. CHATTEL MORTGAGES ☞63 — EXECUTION — AFFIDAVIT ACCOMPANYING IN-STRUMENT.

Under Civ. Code Cal. § 2957, providing that a mortgage of personal property is void as against creditors, unless accompanied by the affidavit of all the parties thereto that it is made in good faith, and without any design to hinder, delay, or defraud creditors, if the oath of the parties is taken by a competent official, who certifies thereto, their signatures to the affidavit are unnecessary.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 125–135; Dec. Dig. ☞63.]

2. CHATTEL MORTGAGES ☞63—EXECUTION—AFFIDAVIT ACCOMPANYING IN-STRUMENT—"AFFIDAVIT."

Under Civ. Code Cal. § 2957, where chattel mortgagors neither signed an affidavit that the mortgage was not made to hinder and defraud creditors, nor were sworn to that effect, it did not render the instrument valid that they went before a notary public for the purpose and with the intent of performing every act required by law to make the instrument a valid mortgage, especially in view of Code Civ. Proc. Cal. § 2003, defining an "affidavit" as a written declaration under oath.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 125–135; Dec. Dig. ☞63.

For other definitions, see Words and Phrases, First and Second Series, Affidavit.]

3. CHATTEL MORTGAGES ☞63—EXECUTION—AFFIDAVIT ACCOMPANYING IN-STRUMENT.

Where chattel mortgagors did not sign the affidavit required by Civ. Code Cal. § 2957, that the mortgage was not given to hinder or defraud creditors, the notary public's certificate that they were duly sworn and deposed that it was not so given was not conclusive that they made the necessary oath, especially in view of Code Civ. Proc. Cal. § 1978, providing that no evidence is by law made conclusive or unanswerable, unless so declared by that Code, and section 1920, providing that entries of pub-

———————————

lic officials in books or records are merely prima facie evidence of the facts therein stated.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 125-135; Dec. Dig. ☞63.]

In Bankruptcy. In the matter of Carrie Johnston and another, bankrupts. Proceeding to review an order of the referee. Order annulled, and matter again referred to the referee, with instructions.

Wm. M. Morse, Jr., of Los Angeles, Cal., for bankrupt.
W. T. Craig, of Los Angeles, Cal., for certain creditors.

BLEDSOE, District Judge. This is a review of an order made by the referee in bankruptcy in the above-entitled proceeding, allowing as valid a certain chattel mortgage given by the said bankrupts upon personal property belonging to them, and decreeing that the owner and holder of said mortgage had a right to foreclose the same, as against the trustee in bankruptcy.

The sole question in the case arises out of a requirement of the Civil Code of the state of California. By section 2957 of said Code it is provided that a mortgage of personal property is void as against creditors of the mortgagors and subsequent purchasers and incumbrancers of the property in good faith and for value, unless: (1) It is accompanied by the affidavit of all the parties thereto that it is made in good faith and without any design to hinder, delay, or defraud creditors; and (2) it is acknowledged or proved, certified, and recorded in like manner as grants of real property. The mortgage in question was given to secure the payment of a subsisting indebtedness owed by the mortgagors to the mortgagee, and was duly and regularly signed and acknowledged as required by section 2957. With respect to the affidavit mentioned in said section, however, the mortgage contained merely the following statement or certificate:

"State of California, City of Los Angeles—ss.:

"Carrie L. Johnston and Hattie B. Davies, mortgagors in foregoing mortgage named, and Sarah Rabin, the mortgagee in said mortgage named, each being duly sworn, each for himself, doth depose and say: That the aforesaid mortgage is made in good faith, and without any design to hinder, delay, or defraud any creditor or creditors. Sarah Rabin.

"Subscribed and sworn to before me this 3d day of February, 1914.
"[Seal.] Elizabeth F. Hillman,
"Notary Public in and for said County, State of California."

[1] It thus appears that, though there is a certificate appended to the mortgage certifying that the two mortgagors and the mortgagee, after each had been duly sworn, did make the oath required by the statute, only the mortgagee named therein actually signed said oath or affidavit. It has been held, however, conformably to the general current of authority, that the signatures of the parties to the affidavit are unnecessary, it being sufficient if the oath be taken by a competent official certifying to the same (Ede v. Johnson, 15 Cal. 53); and counsel for the trustee herein, who asked for a review of the ruling of the referee, do not contend such is not the law.

[2] The claim is made, however, and evidence was introduced before

the referee in support thereof, that the mortgagors actually failed to take the oath required by the section of the Code above referred to, and that the certificate of the notary to the effect that they had taken such oath is in truth and in fact a false statement. The referee apparently declined to make a finding with respect to the question as to whether or not the said mortgagors did take the oath as required, but did make a finding, upon which he held the mortgage to be valid, substantially as follows:

That, on the day in question, the said mortgagors and the said mortgagee went to the office of the notary public above mentioned, and that "each of said persons appeared personally before said notary public at her office, for the purpose of, and with the intent to do and perform each and every act required by law to be done and performed by them, and each of them, to make said instrument a valid chattel mortgage, and also to have said notary public do and perform each and every act required by law to be done by her as such notary public to make said instrument a valid mortgage upon the personal property therein described, and thereupon the said notary public subscribed her name as such notary, and affixed her notarial seal," etc.

The trustee had asserted that the instrument was not a valid chattel mortgage, and upon the hearing of the matter evidence seems to have been admitted on both sides with respect to the question of whether or not the mortgagors did, as a matter of fact, make the oath required of them, and which was certified by the notary public as having been made by them. Under these circumstances, in my judgment, the referee should have made a finding in answer to such question, and upon such finding determined the validity or invalidity of the mortgage, as the case might be.

Section 2957, supra, requires that the affidavit of all the parties to the mortgage, with respect to the facts mentioned, shall accompany the mortgage. Section 2003 of the Code of Civil Procedure defines an "affidavit" as a "written declaration under oath." Such, indeed, is the general definition of the term. 2 Cyc. 4. So it has been held that, in order for an affidavit to be valid for any purpose, it must be sworn to. 2 Cyc. 16.

[3] The referee's finding is not that the mortgagors *made* the necessary oath, but that, merely intending to do everything necessary to make a valid chattel mortgage (without, however, in any way so indicating to the notary), they are conclusively presumed to have made oath to the statement required by the statute, solely because the notary has certified that they did. So to hold would be to sacrifice substance for form. The Legislature evidently intended that a chattel mortgage should not be valid, as against creditors at least (and it will be remembered that the trustee in virtue of the provisions of section 47 of the Bankruptcy Act [Act July 1, 1898, c. 541, 30 Stat. 557 (Comp. St. 1913, § 9631)] occupies the position of a judgment creditor), unless certain facts specified in the statute in question were given verity by the solemnity of an oath; it was not intended that the parties to such instrument might create a valid mortgage without submitting themselves to the pains and penalties of perjury in the event the facts were falsely stated by them. It is apparent that no prosecution for perjury could possibly be predicated upon the transaction as delineated in the referee's

findings, even if everything supposedly sworn to had been known to be false by the parties. In spite of their general purpose in appearing before the notary, and in spite of her formal certificate that they were in fact sworn, their failure in some way to make oath to the facts required by the statute would have been a complete defense to them in a prosecution for perjury as for making a false oath.

The conclusion of the referee, if I understand it, seems to be based upon the theory that the certificate of the notary, as to what was done by the parties after they came to her office, is conclusive. Section 1978 of the Code of Civil Procedure, however, provides that:

"No evidence is by law made conclusive or unanswerable, unless so declared by this Code."

Not only is there no section in the Code, to which my attention has been called, which declares the certificate of the notary, given under such circumstances, to be conclusive evidence of the truth and correctness of the facts therein stated, but, on the contrary, section 1920 of the same Code provides that entries of public officials in books or records (of which the entry in question would be one) are merely prima facie evidence of the facts stated therein. It is true, without doubt, that it would require considerable, yea almost conclusive, evidence to overcome the certificate of the notary (Pickens v. Knisely, 29 W. Va. 1, 11 S. E. 932, 6 Am. St. Rep. 622), but that, as a matter of law, it may be overcome, and the truth shown, seems to me to be beyond question (1 Cyc. 618; Pickens v. Knisely, supra).

There is a line of cases, of which Le Mesnager v. Hamilton, 101 Cal. 532, 35 Pac. 1054, 40 Am. St. Rep. 81, is one, holding that, where a person actually appears before a notary and makes "some kind of an acknowledgment," the certificate of the officer would be conclusive, in favor of a purchaser in good faith, that such person actually made the acknowledgment certified to; however, this rule seems to be limited to cases of acknowledgment made by married women under statutes where the acknowledgment is regarded as a "part of the execution of the instrument itself." In ordinary cases, of course, the acknowledgment and certificate thereof are necessary only as a means of securing recordation of the instrument and do not affect its validity. In the case of an ordinary certificate of acknowledgment (and a certificate of the administration of an oath would stand upon the same footing), it has been held by the Supreme Court of California, citing the sections of the Code referred to hereinabove, and differentiating the Le Mesnager Case, supra, that the certificate is only prima facie evidence of the facts recited therein. Moore v. Hopkins, 83 Cal. 270, 23 Pac. 318, 17 Am. St. Rep. 248.

If we assume, as seems proper, that the affidavit required to accompany chattel mortgage in California is also a "part of the execution" of such chattel mortgage, and necessary to give it validity as against creditors, still the rule as announced by the preponderance of authority should be followed, viz., that the certificate will be held conclusive only where "some kind of an acknowledgment" (affidavit) has been made by the party appearing before the notary. Herein, confessedly, under the findings, no affidavit of any sort or character was made, mentioned, or

discussed by the mortgagors in the presence of the notary, or at all. Under such a state of facts I do not consider that the holding in the Le Mesnager Case even, and others similar to it, would apply.

The testimony as taken before the referee is of a very contradictory nature with respect to the question at issue in the case—that is, whether the mortgagors did or did not make the affidavit certified to—and because of this it seems improper for the court, at this time, itself to make a finding on such issue, and it seems to be necessary, therefore, that the matter should again be referred to the referee, with instructions to make a finding thereon.

The order of the referee herein is hereby annulled, and the matter is again referred to the referee, with instructions to permit the parties to offer additional evidence, if they shall be so advised, upon the question as to whether or not the affidavit accompanying the mortgage was actually made, and to report his findings and conclusions thereon.