[Civ. No. 3227. Second Appellate District, Division Two.—December 11, 1920.]

## NORMAN W. HINDLE, Respondent, v. JULIA P. WARDEN et al., Appellants.

[1] Quieting Title—Actual Possession—Prima Facie Evidence of Ownership—Presumption.—In an action to quiet title to real property, proof of actual possession by plaintiff is *prima facie* evidence of his ownership and of his right to a decree quieting his title; and while such presumption is disputable and may be controverted by other evidence, it affords full and sufficient evidence of ownership of land, unless it be successfully controverted.

[2] Id.—Delinquent Assessment—Sale of Property—Insufficient Notice of Redemption—Void Deed.—A deed executed by the board of public works of the city of Los Angeles to the purchaser, after sale of a lot following a delinquent assessment to pay the expenses of acquiring land for a public library under the act of April 22, 1909 (Stats. 1909, p. 1066), as amended by the act of December 23, 1911 (Stats. 1911, Extra Sessions, p. 17), is null and void where the affidavit of posting the redemption notice does not show that the notice was posted on the property or that due diligence had been used to find the owner.

[3] Abatement—Dismissal of Former Action.—A judgment of dismissal of a prior action, entered after the trial of the second action has commenced but before its conclusion, is a good answer to the plea of abatement.

[4] Id.—Motion to Dismiss Prior Action—Written Authority of Attorneys—Presence of Plaintiff in Court—Estoppel.—Where the attorneys of record for plaintiff in the prior action gave the attorneys of record for plaintiff in the second action written authority to move the court to dismiss the former action, this was sufficient authority for the presentation by the latter attorneys of a motion to dismiss; and where plaintiff was in court when the motion was made, he is estopped to question the authority of his attorneys to dismiss the former action, and the defendant in the second action is not in a position successfully to contend that the motion to dismiss the former action was unauthorized.

[5] Id.—Another Action Pending—When Plea Proper.—To sustain the plea of another action pending, it is essential that it shall appear, not only that there is another action pending between the same parties, but also that the cause or causes of action and the issues involved are substantially the same in the two suits.

---

5. Abatement of action by another pending in same state, note, 84 **Am. Dec.** 452.

[6] LAND TITLE LAW—WITHDRAWAL OF APPLICATION—COLLATERAL AT-
TACK ON JUDGMENT OF DISMISSAL.—Under section 20 of the Land
Title Law (Stats. 1915, p. 1932), an applicant for the registra-
tion of land may, on payment of all fees due, "withdraw his ap-
plication at any time prior to the hearing thereof"; but, conceding
that it is error to permit an applicant to withdraw his application
after any defendant shall have filed a pleading asking for affirm-
ative relief, the judgment of dismissal of such action, on mo-
tion of the plaintiff, is not subject to collateral attack by such
defendant in a second action brought by the applicant to quiet
title to the property.

APPEAL from a judgment of the Superior Court of
Los Angeles County. John W. Shenk, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. Irving McKenna and Catherine A. McKenna for Ap-
pellants.

Edgar F. Hughes and Goudge, Robinson & Hughes for
Respondent.

FINLAYSON, P. J.—Plaintiff, averring that he is the
owner of a certain lot in the city of Los Angeles, alleged
that the defendant Julia P. Warden claims title under a
deed executed to her by the board of public works of
that city on July 11, 1916, after a sale of the lot following
a delinquent assessment to pay the expenses of acquiring
land for a public library under the act of April 22, 1909
(Stats. 1909, p. 1066), as amended by the act of Decem-
ber 23, 1911 (Stats. 1911, Extra Session, p. 17). Plaintiff
does not question the validity of the proceedings leading
up to and including the sale of the land by the board of
public works, but does contend that the deed to appellant
was invalid upon the ground, among others, that the affidavit
of posting the redemption notice does not show that the
notice was posted on the property or that due diligence
had been used to find the owner. The complaint alleges,
and the proof shows, that plaintiff, prior to commencing the
action, tendered to the defendant Julia P. Warden, the
purchaser at the assessment sale, the full amount necessary
to redeem the property from the sale, namely, $2.45;

that Mrs. Warden refused the tender; and that plaintiff deposited the sum with the clerk of the court and consented that it be paid to Mrs. Warden in redemption of the property.

The answer denied plaintiff's alleged ownership, alleged that the defendant Julia P. Warden acquired title under the deed to her from the board of public works, and, by way of a plea in abatement, further alleged that there is pending another action between the same parties for the same cause. The pleadings and files in this other action, though marked for identification, were not put in evidence. The record here is barren of any facts showing the nature of that other action, save a few incidental references thereto by court and counsel in the course of remarks made during the progress of the trial, and a finding by the court as follows: " . . . prior to the commencement of this action and on November 3, 1916, the plaintiff filed in the superior court of the state of California, in and for the county of Los Angeles, an application to bring the said real property under the operation of the 'Land Titles Act,' the same being L. R. No. 110; that Julia P. Warden was joined as a party in said action and did file an answer and cross-complaint, in which she claimed title to said property by reason of the deed herein referred to; that said application L. R. No. 110 was dismissed during the trial of this action and is not pending."

By its decree, the court adjudged and declared the deed from the board of public works to the defendant Julia P. Warden to be null and void; that plaintiff had redeemed the property from the lien of the assessment and from the sale; and that the purchaser, Julia P. Warden, is entitled to receive the $2.45 deposited by plaintiff in court for the redemption of the property from the assessment sale. The decree also quiets plaintiff's title to the land. From this judgment Julia P. Warden appeals.

Appellant's principal contentions are: (1) That plaintiff did not prove title in himself; (2) that the deed to appellant from the board of public works, execution whereof was admitted by the pleadings, is *prima facie* evidence of title in appellant; and (3) that the plea in abatement should have been sustained. There is no merit in any of these contentions.

[1]   Plaintiff made out a *prima facie* case of ownership. He put in evidence a deed to himself from John A. Rennebeck and wife, dated August 5, 1913. He offered no proof of title in his grantors, and, therefore, did not present any direct evidence of paper title from the paramount source of title. He did, however, testify that he has been in actual possession of the property at all times since he received the deed thereto on August 5, 1913. Such possession was *prima facie* evidence of his ownership of the lot and of his right to a decree quieting his title. It is the settled law of this state that possession is *prima facie* evidence of ownership. And while such presumption is disputable and may be controverted by other evidence, it affords full and sufficient evidence of ownership of land, unless it be successfully controverted. (*Davis* v. *Crump,* 162 Cal. 518, [123 Pac. 294].)

The deed to appellant from the board of public works conveyed to her no title whatever. According to section 24 of the act under which the deed was executed by the board of public works (Stats. 1909, p. 1072), the purchaser at the delinquent assessment sale, at least thirty days before he applies for a deed, must serve upon the owner of the property, and the occupant thereof, if it be occupied, a written notice setting forth various matters, among others "the time when such purchaser . . . will apply . . . for a deed." If the owner "cannot be found, after due diligence," the notice must be posted upon the property. "The person applying for a deed must file with the street superintendent an affidavit or affidavits showing that notice of such application has been given, as herein required, and if the notice is not served on the owner of the property personally, that due diligence was used to find such owner." Plaintiff, the owner of the property at the time when it is claimed that the notice was posted, was not personally served with the notice. The affidavit stated that he could not be found. Respondent's claim that the affidavit is fatally defective in that it fails to show that the notice was posted on the property or that due diligence was used to ascertain the owner's whereabouts is supported by the record and must be sustained.

There was no proof of service of the notice other than that afforded by the affidavit of C. D. Warden, to which

was attached a copy of the redemption notice. The only statement in the affidavit respecting the posting of the notice is this: "That he [C. D. Worden] is agent of the owner of the certificate of sale referred to in the attached notice to redeem; that he did, as such agent, serve a notice to redeem on the seventeenth day of May, 1916, in the city of Los Angeles, county of Los Angeles, state of California, by attaching a true copy of the attached notice to redeem to front part of building in a conspicuous place near the front line of the property." The only statements in the affidavit as to the use of due diligence in locating the owner are the following: "That affiant used due diligence in trying to find the residence, whereabouts, name and address of the owner of said property, as follows, to wit: That he inquired of the . . . , of Los Angeles, California; that the said company gave him the name of the fee title owners as . . . ; that he verified said ownership by referring to records of Los Angeles County in book . . . page . . . , of deeds. That he searched the county records of Los Angeles County for a certificate of residence of . . . , per section 1163, Civil Code, state of California; that none was on file. That he searched the latest city directory [1915] of the city of Los Angeles and the latest telephone directory of Los Angeles, California; that the name of . . . was not therein; that after such above search, was unable to learn the whereabouts of the said owner."

[2] By finding in favor of respondent, the lower court ruled that the affidavit was insufficient. We cannot overturn this conclusion. Indeed, no other conclusion seems possible. The affidavit does not "show" that the notice was posted in a conspicuous or any place upon the property. Its language is that the affiant served the notice by attaching a true copy thereof "to front part of building in a conspicuous place near the front line of the property." Nowhere in the affidavit is there anything to show what property the affiant intended by his words "the property." The affidavit does not identify any property whatever. If we assume that by the words "the property" affiant meant the property that had been sold to appellant at the delinquent assessment sale, still there is nothing to show that the building, on the front part of which the notice was posted, was located on that property. If by the expression

"near the front line of the property" affiant meant that he posted the notice itself near the front line of the property that was sold, there is nothing to show that the notice, though near the front line of the property, was actually on the property. If by the phrase "near the front line of the property" affiant meant that the building on which he posted the notice was near the front line of the property, then there is nothing to show that the building was actually located on the property. For these reasons the affidavit is wholly insufficient to show that the notice was "posted in a conspicuous place upon said property," as required by the statute.

Nor does the affidavit show that the owner could not be found after due diligence. In *Hennessy* v. *Hall,* 14 Cal. App. 759, 762, [113 Pac. 350, 352], the court said that "to warrant the execution of a deed to the purchaser and foreclose the owner's right of redemption upon such constructive service, an affidavit must be filed *showing,* not merely stating, that due diligence was used to find the owner." In other words, the affidavit must set forth evidentiary facts which justify the conclusion that due diligence was used. An affidavit which merely states the ultimate facts, conclusions in the language of the statute, is not sufficient.

The affidavit of C. D. Warden does not state of whom affiant made the inquiries. It is equally cryptic as to the identity of the person concerning whom the alleged inquiries were made. It does not state whether it was the owner of the lot, the plaintiff here, Norman W. Hindle, of whose whereabouts the inquiries were made, or whether it was someone else. It does not state whose name it was that was searched for in the directory and city records. In fine, there is a total abstinence of any showing of evidentiary facts tending to establish due diligence in locating the owner of the lot.

For these reasons we agree with respondent that the affidavit fails to establish facts the existence of which is a necessary prerequisite to authority in the board of public works to execute the deed under which appellant claims. We conclude, therefore, that the deed to appellant from the board of public works, her sole claim to title, is null and void, and that its introduction failed to overcome respondent's *prima facie* proof of title.

There was no error in deciding against defendants' plea in abatement. It appears from the trial court's findings that the prior action, brought by plaintiff under the Torrens Land Law (Stats. 1897, p. 138), was dismissed by the court during the trial of the present action. [3] It is the established rule in this state that a judgment of dismissal of the prior action, entered after the trial of the second action has commenced but before its conclusion, is a good answer to the plea in abatement. (*Moore* v. *Hopkins,* 83 Cal. 270, [17 Am. St. Rep. 248, 23 Pac. 318].) Seeking to avoid this effect of the dismissal of the prior action, appellant contends: (1) That the motion to dismiss was not made by the attorneys of record in the prior action; and (2) that the dismissal was made over appellant's objection and notwithstanding she had filed a cross-complaint in the prior action whereby she had asked that she be decreed to be the owner of the land under the deed that had been executed to her by the board of public works.

[4] The attorneys of record in the prior action which, it is claimed, plaintiff had commenced under the Torrens Land Law, gave to the attorneys of record in the present action written authority to move the court to dismiss the former action. This was sufficient authority for the presentation of the motion to dismiss. Moreover, plaintiff, who was in court when the motion was made, is estopped to question the authority of his attorneys to dismiss the former action. Appellant, therefore, is not in a position successfully to contend that the motion to dismiss the former action was unauthorized.

There is no merit in the contention that the judgment of dismissal in the former action was a nullity because entered over the objection of the cross-complainant therein, the appellant here. In the first place, none of the pleadings or files in the former action was introduced in evidence in this action. Nor does any of them appear in the record on this appeal. There is no way, therefore, whereby we may know whether the subject matter of the former action and the relief sought therein are the same as in this. [5] To sustain the plea of another action pending, it is essential that it shall appear, not only that there is another action pending between substantially the same parties, but also that the cause or causes of action and the issues involved

are substantially the same in the two suits. There is nothing in the record before us that tends to establish this prime essential and indispensable requisite of a successful plea of another action pending.

[6] Moreover, even if we accept appellant's assumption that plaintiff had filed an application for the registration of his title under the Land Title Law and that appellant had filed a cross-complaint therein, still, the judgment dismissing such former action is not subject to appellant's collateral attack in this action. By section 20 of the Land Title Law, an application for the registration of land may, on payment of all fees due, "withdraw his application at any time prior to the hearing thereof." (Deering's General Laws 1915, p. 388.) Assuming, for the purpose of this decision only, that an applicant for registration of land under the Land Title Law has no right thus to withdraw his application if any defendant shall have filed a pleading asking for affirmative relief, that is, assuming, for the present purposes only, that a motion to withdraw an application for registration of title under the Land Title Law is subject to that provision of section 581 of the Code of Civil Procedure, which declares that the plaintiff in an action may dismiss his action "provided a counterclaim has not been set up, or affirmative relief sought by the cross-complaint or answer of the defendant," nevertheless, the judgment of dismissal was the court's final judgment in the case, and is not subject to attack here. The court had jurisdiction of the subject matter and of the parties. The question of the applicant's right to a dismissal was properly before it for decision. Under such circumstances, a judgment of dismissal, though wrongfully entered and subject to reversal on appeal, would not be wholly ineffective. Until reversed on appeal or set aside in a direct proceeding brought for that purpose, it is binding upon the parties to the former action. The judgment of dismissal, therefore, even if erroneously entered, as contended by appellant, is not subject to her collateral attack in this action. (18 C. J. 1172; *County* v. *Geisinger,* 1 Lehigh Val. Law Rep. (Pa.) 113; *Moore etc. Co.* v. *Marion etc. Co.,* 52 Ind. App. 548, [101 N. E. 15].)

Judgment affirmed.

Weller, J., and Thomas, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 7, 1921.

All the Justices concurred.