[WILSON, RESPONDENT, *v.* NORRIS, APPELLANT.

(No. 3,002.)

(Submitted May 27, 1911. Decided June 17, 1911.)

[117 Pac. 100.]

*Appeal—Dismissal—Statute of Limitations.*

Appeal from Judgment—Dismissal, When.
    1. An appeal from a judgment will be dismissed if not taken within one year after entry thereof. (Rev. Codes, sec. 7099.)

Statute of Limitations.
    2. On April 5, 1904, plaintiff brought an action for an accounting and other equitable relief, which on March 6, 1905, was dismissed without prejudice on his own application; on the same day he commenced a new action which, on May 20, 1907, resulted in a nonsuit on motion by defendant. On July 16, 1907, the third action was instituted. *Held*, under section 6464, Revised Codes, that the second action, concededly brought in time, having been terminated in a manner other than "by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits," the third one, commenced within one year after such termination, was in time, and a denial of defendant's motion to dismiss the action on the ground that it was barred by the statute of limitations was proper.

*Appeal from District Court, Madison County; Llew. L. Callaway, Judge.*

ACTION by Thomas J. Wilson against Alex Norris. From a judgment for plaintiff and an order denying him a new trial, defendant appeals. Affirmed.

Cause submitted on briefs of counsel.

*Mr. Geo. D. Pease,* for Appellant.

*Messrs. Kirk, Bourquin & Kirk,* and *Mr. S. V. Stewart,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

The defendant has appealed from the judgment rendered against him herein, and from an order denying his motion for a new trial. The judgment was entered on January 29, 1910. The order denying the motion for a new trial was made on January 18, 1911. Notice of appeal from the judgment and order was served and filed on March 13, 1911. The appeal from the [1] judgment was not taken until the lapse of more than one year after its entry, and is therefore not before us. (Rev. Codes, sec. 7099.) It is accordingly dismissed.

The plaintiff brought the action to compel the defendant to account to him for the value of his share of the increase of a herd of cows and a band of mares, which, it is alleged, the defendant delivered to the plaintiff in the spring of the year 1901, to herd, care for, and breed, under a verbal agreement; that in consideration of his services in that behalf and the care by plaintiff and his wife of certain ranches situate in Madison and Carbon counties, the plaintiff was to receive one-half of the increase, the defendant agreeing to pay certain specified items of expense and to furnish necessary hired help. It is alleged that the agreement was to continue in force so long as the parties were mutually satisfied, but that it was determinable at the option of either party, whereupon all of the old animals then living were to be returned to the defendant, and the increase not theretofore sold should be equally divided. It is further alleged that the agreement continued in force, the plaintiff having observed all of its terms and conditions, until April 1, 1904, when the defendant terminated it, and, contrary to its provisions, wrongfully took exclusive possession both of the old animals and the increase, except such as had died or been sold, and still retains such possession, refusing to account to the plaintiff for any part of the

increase or for his share of the proceeds of the sale of a large number of calves and colts, made by defendant during the time the agreement was still in force. The prayer is (1) that the defendant be required to account for the proceeds of all sales made during the life of the agreement, and to pay to plaintiff his share thereof; (2) that the property still unsold be partitioned between the parties, if partition can be made without material injury to their respective rights, or, otherwise, that the property be sold and the proceeds divided equally; (3) that an injunction issue restraining the defendant from making other sales, and that a receiver be appointed to take charge of the property pending the litigation; and (4) that plaintiff have general relief.

Among other defenses which are not now in question, the defendant relied on the limitations prescribed by subdivisions 2 and 3 of section 6449, and subdivision 3 of section 6447, of the Revised Codes. At the close of plaintiff's evidence the court denied a motion by defendant to dismiss the action on the ground that it was barred, holding that it did not fall within any of the limitations pleaded. Whether the ruling was correct is the only question submitted for decision.

Counsel for defendant has devoted much space in his brief to a discussion of the character of the action. He argues (1) that it is an action for trespass on personal property and is barred by subdivision 2 of section 6449, fixing the limitation at two years; or (2), in case this is not the class in which it falls, that it is for the taking, detaining or injuring of personal property and is barred by the same limitation prescribed in subdivision 3 of this section; or (3) that otherwise it is clearly an action upon "an obligation or liability, not founded upon an instrument in writing, other than a contract, account or promise," and hence must fall within, and is barred by, the limitation of three years prescribed by subdivision 3 of section 6447. Counsel for plaintiff contend that it is an action for an accounting, and hence that the limitation of five years, prescribed by section 6451, applies. It follows therefore, they say, that the defendant's motion was

properly denied. It is not necessary to determine any of these contentions.

The agreement was terminated by the defendant and possession assumed by him on April 1, 1904. This is the third action [2] brought by the plaintiff for the cause determined in this case. The first was brought on April 5, 1904. This was dismissed upon plaintiff's own application, but without prejudice, on March 6, 1905. On the same day another action was commenced. The trial of this latter, on May 20, 1907, resulted in a judgment of nonsuit on motion by the defendant. The present action was brought on July 16, 1907, or within one year thereafter. No question is or can be made that the second action, a substitute for the first, was brought in time. From an inspection of the record in this latter case, the material parts of which are incorporated in the bill of exceptions, it is apparent that it was terminated in a manner other "than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits." Therefore, the action of the trial court in denying the motion was correct. (Rev. Codes, sec. 6464; *Glass* v. *Basin & Bay State Min. Co.,* 34 Mont. 88, 85 Pac. 746; *Id.,* 35 Mont. 567, 90 Pac. 753.)

The order is affirmed.

*Affirmed.*

Mr. Justice Smith and Mr. Justice Holloway concur.