PETERSON, APPELLANT, *v.* CITY OF BUTTE, RESPONDENT.

(No. 3,037.)

(Submitted November 1, 1911.   Decided November 20, 1911.)

[120 Pac. 231.]

*Actions—Defenses—Abatement—Pleading and Practice—Pleas in Bar—Another Action Pending—Dismissal—Judgments on Merits—Statute of Limitations—Res Adjudicata.*

Actions—Defenses—Another Action Pending—Demurrer.
1.   Where it appears from the face of a complaint that another action is pending between the same parties for the same cause, the pleading is open to objection by demurrer.

Same—When Deemed Pending.
2.   Though section 6710, Revised Codes, defines a judgment as the final determination of the rights of the parties in an action or proceeding, entry of judgment is not conclusive that the action has been finally determined, since an action is deemed pending, within the meaning of section 7188, until its final determination on appeal or until the time for appeal has passed, unless the judgment is sooner satisfied.

Same—Another Action Pending—Dismissal—Reply.
3.   The discontinuance or dismissal of another action between the same parties for the same cause may be alleged as a sufficient reply to the plea of another action pending, at any time prior to trial, and thus an abatement prevented.

Same—Another Action Pending—Failure to Deny—Judgment on Pleadings.
4.   Where plaintiff in his reply to defendant's special defense that there was another action pending between the parties for the same cause did not deny that such was the case or allege facts showing *prima facie* that the former action had been finally terminated, but merely denied that a judgment entered therein had been rendered on the merits, the court properly granted a motion for judgment on the pleadings.

*Appeal from District Court, Silver Bow County; Jeremiah J. Lynch, Judge.*

ACTION by John Peterson against the city of Butte.   From a judgment rendered against him on the pleadings, plaintiff appeals.   Modified and affirmed.

*Messrs. Nolan & Donovan,* for Appellant, submitted a brief; *Mr. L. P. Donovan* argued the cause orally.

The plea of a former action pending will not be sustained where it appears that the prior action has been dismissed.   The

courts are unanimous in holding that where the dismissal takes place before the commencement of the second action, the plea of former action pending cannot be sustained. (1 Cyc. 24, and cases cited; 1 Ency. of Pl. & Pr. 755, and cases cited.) And by the great weight of authority it is held that a dismissal of the prior action even after the commencement of the second suit is sufficient to defeat the plea of another action pending. The rule is thus stated in 1 Cyc. 25: ''The tendency of the later cases and a preponderance of authority sustain the doctrine that it is a good answer to a plea of the pendency of a prior action for the same cause that the former suit has been discontinued, whether the discontinuance be before or after the filing of the plea. Under this doctrine the plea will be overruled unless the prior suit is pending at the time of the trial of the second.'' (See, also, 1 Ency. of Pl. & Pr. 762.) It is, however, necessary that a judgment of dismissal should be entered. (*Evans* v. *Johnston,* 115 Cal. 180, 46 Pac. 906.) It has been held by this court that when a judgment has been entered in a cause, the action has passed beyond the jurisdiction of the court for all purposes except to hear a motion for new trial. California ever since 1872 has had a section in its Code of Civil Procedure identical with our section 7188. The California section is number 1049 of the Code of Civil Procedure. Under this section, California has steadfastly held that a plea of former action pending cannot be sustained where a judgment has been entered in the former case, and that is so even though the judgment be entered after commencement of the second action. (*Moore* v. *Hopkins,* 83 Cal. 270, 17 Am. St. Rep. 248, 23 Pac. 318; *Balfour Guthrie Investment Co.* v. *Wodworth,* 124 Cal. 169, 56 Pac. 891; *Dyer* v. *Scalmanini,* 69 Cal. 637, 11 Pac. 327; *Evans* v. *Johnston, supra; McDougald* v. *Hulet,* 132 Cal. 154, 64 Pac. 278.) The authorities are unanimous in holding that an entry of judgment of dismissal completely avoids the plea of a former action pending. The defendant in cause A-2026 did not recover any money judgment, or any judgment for costs; there was therefore nothing for plaintiff to pay. The judgment was fully

satisfied when the action was dismissed.   Moreover, the verdict
in that cause was returned on the 8th day of March, 1910, and
presumptively judgment was entered thereon on the 9th.   (Sec.
6800, Rev. Codes.)   The judgment in said cause was in fact
entered on the 14th day of March, 1910.   Therefore even the
time for appeal had expired before the filing of the defendant's
answer, which was on the 18th day of March, 1911.

It appears from the pleadings in this case that the plaintiff
has not yet had a trial upon the merits of his cause of action.
It also appears that he has not slept upon his rights nor per-
mitted them to grow stale.   His first action miscarried because
his complaint did not state a cause of action; his second action
miscarried because no judgment of dismissal had been entered
in his first action.   These errors of counsel should not be im-
puted to the plaintiff, nor should plaintiff, for these reasons,
be forever denied the right of having his cause heard upon the
merits.   The spirit of the law favors a trial upon the merits in
every case.

*Messrs. H. Lowndes Maury, John A. Smith,* and *N. A. Roter-
ing,* for Respondent, submitted a brief; oral argument by *Mr.
Rotering.*

MR. CHIEF JUSTICE BRANTLY delivered the opinion of
the court.

This is an appeal by plaintiff from a judgment rendered
against him on the pleadings, in an action brought by him to
recover damages alleged to have been caused to his property
by a change by the defendant in the grade of its streets upon
which the property abuts.   The pleadings are somewhat volumi-
nous.   We shall not undertake to give a synopsis of them.   The
following statement of facts gathered from them is sufficient
to present the question submitted for decision: Plaintiff's prop-
erty consists of a lot situate on the northwest corner of West
Caledonia and Jackson streets, within the corporate limits of
defendant city.   The building thereon was erected in 1901 to

conform to the grade of the streets as it then was. During the year 1904 the defendant caused the streets to be graded by raising them to the height of somewhat more than 6½ feet above the former grade. On May 31, 1905, the plaintiff commenced an action against the defendant to recover the damages claimed in this cause. The action was tried on February 26, 1909. The plaintiff was nonsuited. This action was designated in the files of court as No. 11,699. Judgment finally disposing of the cause was entered on January 26, 1911. This judgment dismissed it without prejudice. In the meantime, on April 28, 1909, the plaintiff had commenced another action to recover upon the same cause of action. This was designated as cause No. A-2026. The defendant interposed the defenses that cause 11,699 was still pending and undetermined, and that the cause of action alleged therein was barred by the limitations prescribed by sections 6447 and 6449 of the Revised Codes. At the close of the evidence, the court on motion of defendant directed a verdict in its favor, and judgment was on March 14, 1910, entered accordingly. The present action was commenced on January 28, 1911. In its answer the defendant interposed three affirmative defenses: (1) That the cause of action was barred by the provisions of sections 6447 and 6449 of the Revised Codes; (2) that cause A-2026 was still pending and undetermined; and (3) that in another action theretofore tried in the district court of Silver Bow county, in which the parties plaintiff and defendant in this action and the cause of action alleged are identical, a judgment had been rendered and entered upon the merits, and that this judgment, never having been reversed, modified or set aside, is *res judicata* as to the right of plaintiff to recover in this action. The judgment relied on in this latter defense is the judgment rendered in cause A-2026 on March 14, 1910. In his reply the plaintiff does not deny that cause A-2026 is still pending or allege that the judgment therein has been satisfied, nor does he allege facts or circumstances showing that such is the case. He denies that it was rendered on the merits, and then alleges that the court directed

the verdict therein for the plaintiff, upon the ground and for the sole reason that the action having been commenced while cause No. 11,699 was still pending and undetermined, it was not commenced in pursuance of the provisions of section 6464, Revised Codes, and hence was barred by the statute of limitations. Counsel for defendant in their motion demanded judgment on several grounds, among others that the reply of plaintiff admitted that another action, *viz.,* cause A-2026 was still pending. We think that the motion for judgment was properly granted.

It was incumbent upon the plaintiff to put in issue the allegations of defendant's special defense, or to allege facts from which it would appear *prima facie* that the former action had been finally terminated. If it appears from the face of a complaint that another action is pending between the same parties [1] for the same cause, the pleading is open to objection by demurrer (Rev. Codes, sec. 6534). The objection may be taken in the words of the statute. (Sec. 6535.) When this fact does not appear, the objection may be taken by answer. (Sec. 6538.) In either case the pendency of the former action is a conclusive reason why the court shall not entertain the latter. The fact that judgment has been entered in the former action is not conclusive that it has been finally determined. An action is commenced when the complaint is filed. (Sec. 6457.) "An action is deemed to be pending from the time of its commencement until its final determination on appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied." (Sec. 7188.) Though a judgment is defined as the final determination of rights of the parties in an action or proceeding [2] (sec. 6710), the action must be regarded as still pending, within the meaning of section 7188, *supra,* until the happening of one or more of the events enumerated therein. It was formerly the rule that it was not a good answer to a plea in abatement that the former suit had been dismissed when the latter was commenced (1 Ency. Pl. & Pr. 755), but since pleas in abatement are not favored, the weight of authority now lends sup-

port to the rule that the discontinuance or dismissal of the [3] former action may be alleged as a sufficient reply to the plea at any time prior to the trial, and thus an abatement prevented. (1 Ency. of Pl. & Pr. 755; 1 Cyc. 25; *Moore* v. *Hopkins,* 83 Cal. 270, 17 Am. St. Rep. 248, 23 Pac. 318; *Dyer* v. *Scalmanini,* 69 Cal. 637, 11 Pac. 327; *Evans* v. *Johnston,* 115 Cal. 180, 46 Pac. 906.) The essential averment in the answer or plea is that another action for the same cause is still pending between the same parties. It would seem that if the demurrer may follow the language of section 6538, the answer need not be more explicit. But be this as it may, the sufficiency of the answer in this case is not questioned. Therefore, in order to present [4] a triable issue it was necessary either that a denial be interposed by the reply, or that the facts as they actually existed be alleged. So far as the reply shows, cause A-2026 may still be pending on a motion for a new trial or on appeal. If so, it is still pending within the meaning of section 7188, *supra.*

We do not wish to be understood by anything said herein as holding that an acquiescence by the plaintiff in the judgment in the former action would not be sufficient to prevent abatement of the second action. His acquiescence must be made to appear, however, by appropriate allegation.

This conclusion renders it unnecessary to consider the other questions argued by counsel. The judgment is affirmed.

*Affirmed.*

MR. JUSTICE SMITH and MR. JUSTICE HOLLOWAY concur.


ON MOTION FOR REHEARING.

(Submitted December 12, 1911. Decided January 11, 1912.)

Judgment on Merits—Abatement—Pleas in Bar.
    1. Where a plea in abatement,—that another action is pending between the parties for the same cause,—is joined with pleas in bar, *i. e.,* the statute of limitations and *res judicata,*—and the judgment recites that it was rendered on the merits, such judgment, if permitted to stand, is a bar to a subsequent action, even though the decision of the questions arising upon the pleas in bar was erroneous.
Judgments—Dismissal of Action—Statute of Limitations.
    2. One who within one year after an action is dismissed without prejudice commences a new action, brings himself within the privilege

accorded by section 6464, Revised Codes, which provides that if an action is originally commenced within the time limited therefor, and is terminated in a manner other than by a voluntary discontinuance, a dismissal of the complaint for neglect to proceed with the action, or by a final judgment upon the merits, a new one may be commenced within one year after such termination.

Judgment on Merits—When Error.
3. *Held,* that while it was not error to grant a motion for judgment on the pleadings under the circumstances referred to in paragraph 1, *supra,* the court did err in entering judgment on the merits, whereas it should have directed a dismissal of the action, thus enabling plaintiff to further prosecute his rights in the premises.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

The judgment of the district court recites on its face that it was rendered on the merits. Counsel for plaintiff have filed a petition for rehearing, their purpose being to secure a modification of the judgment so that it will be in form one in abatement only. No reference was made at the hearing to this feature of the case. Nevertheless, after further consideration we think the modification should be made, though a formal rehearing will not be necessary.

The defense of another action pending, being matter merely in abatement, is joined in the answer with two defenses in bar, *viz.,* the statute of limitations and *res judicata.* It is therefore [1] apparent that the judgment as it stands would be a bar to another action even though the court, as it evidently did, erroneously resolved the questions arising upon the latter defenses, in favor of the defendant. (23 Cyc. 1151; *Dunseth* v. *Butte Electric Ry. Co.,* 41 Mont. 14, 108 Pac. 567.) Since this is so, the plaintiff is entitled to have the modification asked for, so that he may not be obstructed in a further effort to enforce his rights, if he has any. The propriety of the modification will be made clear by a brief reference to the issues presented upon the first and third defenses alleged in the answer.

As to the defense of the statute of limitations: In his reply plaintiff alleges by way of avoidance, that on May 31, 1905, he commenced his action against the defendant for and on account of the same damages to his property set forth in his complaint herein; that the action was numbered 11,699 in the files of the

district court of Silver Bow county; that the cause being at issue, came on for trial on February 26, 1909; that thereupon a jury having been impaneled and the plaintiff having offered testimony in support of the allegations of his complaint, the defendant interposed an objection thereto, which was by the court sustained; that the court thereupon nonsuited plaintiff; that the said cause remained pending in said court until January 26, 1911, when judgment was duly entered dismissing it without prejudice, and that the present action was thereupon commenced within one year, the time limited by law, said former action having been terminated in a manner other than by a voluntary discontinuance or by a dismissal of the complaint for neglect to proceed with the action, or by a final judgment upon the merits. If these allegations are true,—and their truth can be ascertained only by a hearing of evidence,—the cause of action stated was not barred by either section of the statute upon which defendant relied in its first defense; for if cause 11,699 was pending until January 11, 1911, by commencing this action on January 28, 1911, within a year after the former was dismissed without prejudice, plaintiff brought himself within the [2] privilege accorded by section 6464, Revised Codes. (*Glass* v. *Basin & Bay State Min. Co.,* 34 Mont. 88, 85 Pac. 746; *Id.,* 35 Mont. 567, 90 Pac. 753; *Wilson* v. *Norris,* 43 Mont. 454, 117 Pac. 100.) The district court therefore could not properly have determined the merits of this defense on the motion for judgment on the pleadings.

As to the defense of *res judicata:* As pointed out in the original opinion, the judgment relied on by defendant to support this defense, was rendered in its favor on March 14, 1910, in cause numbered A-2026. So far as appears from this record, this cause is still pending, and the judgment rendered therein is the one pleaded by defendant in abatement of this action. Assuming, without deciding, that a judgment which has not become final by reason of the fact that the cause in which it was rendered is still pending may be pleaded in bar of a second action for the same cause, and that the judgment

in cause A-2026 is properly pleaded by the defendant, we do not think that in view of the character of the reply the court should have assumed to determine the merits of this defense without at least an inspection of the judgment-roll, which it could make only upon a hearing of evidence upon a trial. It [3] is alleged in the reply that the court directed a verdict for the defendant in cause A-2026, not upon the merits, but solely on the ground that cause 11,699 was still pending, and that by bringing that action,—that is, A-2026,—while 11,699 was still undisposed of, plaintiff could not avail himself of the exception provided by section 6464, Revised Codes, *supra,* and hence could not avoid defendant's plea of the statute of limitations. If these allegations are true, the judgment in A-2026 is not, under the changed conditions brought about by the dismissal of cause 11,699, a bar to the present action. The result is that the judgment in this case should be amended so as to direct a dismissal of the action, instead of determining the controversy on the merits.

The cause is therefore remanded with directions to the district court to modify the judgment in accordance with the suggestions herein made. The motion for rehearing is denied.

*Judgment modified.*

MR. JUSTICE SMITH and MR. JUSTICE HOLLOWAY concur.