STATE ex rel. ALICE F. ROZAN, Plaintiff and Relator, v. DISTRICT COURT of the SIXTEENTH JUDICIAL DISTRICT of the State of Montana, IN AND FOR THE COUNTY OF FALLON, Respondents.

No. 11143.

Submitted June 14, 1966. Decided June 27, 1966.

416 P.2d 19.

Bjella, Jestrab, Neff & Pippin, Williston, N. D., Kelly & Carr,

Miles City, Frank F. Jestrab (argued), Williston, N. D., for relator.

Stanley Frosh, Washington, D. C., Cordell Johnson, Helena, Edwin Booth (argued), Helena, Jerome Shulkin (argued), Seattle, Wash., for respondents.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an original proceeding. Petitioner seeks a Writ of Prohibition to the District Court of the Sixteenth Judicial District (hereinafter referred to as the District Court), the Honorable Nat Allen presiding. The petitioner seeks to prevent interference by the District Court or any other person with the enforcement of a judgment entered by the District Court in a cause entitled Alice F. Rozan, plaintiff, v. Eugene D. Rosen; Roderick L. Dungan; et al., defendants, civil cause No. 3667, in favor of the petitioner-plaintiff and against the defendants on September 20, 1965. The petitioner also seeks to vacate and to set aside an order made by the District Court on March 1, 1966, amending the Findings of Fact, Conclusions of Law and Judgment.

The important facts of this proceeding deal mainly with the chronological sequence of events which took place after the District Court rendered its judgment. The case was tried to the District Court without a jury. Judge Allen rendered his Findings of Fact, Conclusions of Law, and Judgment on September 20, 1965. These documents were filed on September 22, 1965. Notice of Entry of Judgment, together with a copy of the Judgment, was served by mail on September 24, 1965. A motion to Alter, Amend and Supplement Findings of Fact, Conclusions of Law and the Judgment thereon and/or a New Trial, together with the necessary supporting documents, was served by mail on September 28, 1965, by some of the defendants. On October 19, 1965, the Motion was noticed for hearing. The hearing was set for 2:00 P.M., November 26, 1965. At the hear-

ing of November 26, 1965, Judge Allen requested written briefs. He allowed the defendants until December 27, 1965, to submit their briefs. The plaintiff was then allowed until January 27, 1966 to submit her brief. The final reply brief was to be submitted by February 8, 1966. On March 1, 1966, Judge Allen signed the order which the petitioner now seeks to vacate and set aside.

Certain other facts are relevant to a meaningful understanding of the issues raised by this petition. At the time the motion was filed, Rules 52(b) and 59(e) of the Montana Rules of Civil Procedure (hereinafter referred to as the Rules) did not contain any time limits in which motions made under these subdivisions must be decided. Section 93-5606, R.C.M.1947, which deals specifically with motions for new trials, does impose upon the court the duty to decide any motion for a new trial within fifteen days after the motion is submitted. A failure to decide the motion within this period of time has the effect of denying the motion. On September 7, 1965, this Court ordered an amendment to Rules 52(b) and 59(e). The effective date of this amendment was January 1, 1966. The amendment reads as follows:

"Motions provided by this subdivision shall be heard and determined within the times provided by Section 93-5606 of the 1947 Revised Codes of Montana in the case of motions for new trial." Thus, the District Court had a motion before it at a time when the Rules governing just such a motion were amended. The motion, as previously noted, was filed prior to the amendment, but the order of the District Court was made after the amendment had taken effect.

Basically, the petitioner makes two contentions: 1. The motion is in essence a Motion for a New Trial and thus governed by the time limits of section 93-5606. 2. If in fact the motion is one made pursuant to Rules 52(b) and 59(e), then the amendment to the Rules effective January 1, 1966, made it mandatory on the District Court to decide the motion within fifteen days

after the motion was deemed submitted. Thus, since under either of these views the motion was not decided within the appropriate time limit, the order was void and was made by the District Court without jurisdiction. We are unable to agree with the petitioner on either of these contentions.

In answer to the petitioner's first contention, we conclude from the record before this Court that the motion was NOT simply a motion for a new trial. It was the type of motion that is contemplated by Rules 52 and 59. It combined a motion to alter, amend, and supplement the Findings of Fact, the Conclusions of Law and the Judgment with a motion for a new trial. In Crissey v. State Highway Commission, 147 Mont. 374, 413 P.2d 308, we recognized that the Rules provide for such motions and stated:

"We are not here dealing solely with a motion for new trial as contemplated by sections 93-5606 and 93-5505. Involved is a combined motion for new trial and to amend findings of fact and conclusions of law and judgment provided for in Rules 52(b) and 59(a) * * *."

The motion, when filed on September 28, 1965, was not governed by the time limits of section 93-5606. Prior to the amendment of January 1, 1966, there was no time limit imposed by Rules 52(b) and 59(e) upon the district court.

The plaintiff's second contention raises a unique situation and one that is not often presented to this court. The motion was submitted prior to the amendment and was decided after the amendment had been in effect for nearly three months. Which Rule is to govern proceedings which fall in this twilight zone?

Rule 86 deals with the original effective date of the Rules and all subsequent amendments. Rule 86(a) reads in part:

"These Rules and Amendments govern all proceedings and actions brought after they take effect, and also all further proceedings in actions then pending, *except to the extent that in the opinion of the district court their application in a particular*

*action pending when the Rules or Amendments take effect would not be feasible, or would work injustice, in which event the procedure existing at the time the action was brought applies."* (Emphasis supplied.)

Thus, Rule 86(a) provides two exceptions when an amendment should not apply to "further proceedings in actions then pending * * *." The record before this court includes the affidavit of Judge Allen which was made in support of the answer to the petition for the Writ of Prohibition. Judge Allen considered that the procedure to govern the motion was that procedure in effect prior to January 1, 1966. With this procedure in mind, Judge Allen set the time for service of briefs. The record does not disclose any objection by counsel for petitioner to the time set by Judge Allen. All parties appeared to be operating under the impression that the governing procedure was that procedure in effect prior to January 1, 1966. Furthermore, Judge Allen's affidavit discloses that, if the amendment was to apply to the motion under consideration, then the application of the amendment would work an injustice. The order of March 1, 1966, recited, the length of the plaintiff's brief and of the defendants' briefs, and noted that "consideration of the record and the extensive briefs, together with other official duties required all of the Court's time." Thus, it could be logically reasoned that Judge Allen, once he had set the time for the hearing of the motion and the time for service of the various briefs, was of the opinion that the application of the amendments in question was not feasible. But this is not necessary, for we have the Affidavit of Judge Allen in which he states that the application of the amendment to the motion would work an injustice. Petitioner has not shown to this Court that Judge Allen exceeded his jurisdiction in entertaining this opinion.

The District Court, under the facts of this proceeding, had the power to consider the motion under the procedure that was in effect when the motion was filed. Therefore, the District

Court had jurisdiction of the motion and the order entered March 1, 1966, was within its jurisdiction.

Petitioner summarily contends that the order of March 1, 1966, is not the type of order contemplated by Rule 59. Petitioner cites Brooks Bros. v. Brooks Clothing of Calif. (D.C. Cal.1945) 5 F.R.D. 14. We fail to see how that case supports her contention. The Order, as previously noted, amends the Findings of Fact, the Conclusions of Law, and the Judgment. Under Rules 52(b) and 59(e), this is exactly what the District Court is empowered to do when timely motions are made.

The petition for a Writ of Prohibition is denied, and the proceeding is dismissed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES DOYLE, ADAIR and CASTLES concur.