STATE OF MONTANA EX REL., BELWIN, INCORPORATED, A
NEW YORK ,CORPORATION, DEFENDANT AND PETITIONER, *v.*
WAYNE M. DAVISON, PLAINTIFF AND RESPONDENT.

No. 11226.
Submitted November 18, 1966. Decided November 23, 1966.
420 P.2d 842.

LaRue Smith, Jr. (argued), Great Falls, for petitioner.

Alexander, Kuenning & Hall, Great Falls, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an original proceeding. Petitioner seeks a writ of review or other appropriate writ. This court issued an order to show cause on September 26, 1966. An answer was filed, counsel for respondents being the same as counsel for plaintiff in the district court action.

Petitioner is defendant in civil cause No. 57863B in the district court of Cascade County. Wayne M. Davison, one of the respondents in this action, is the plaintiff in civil cause No. 57863B and will be referred to as the plaintiff. The respondent district court will be referred to as the district court.

This proceeding is in essence a petition for a writ of prohibition to prohibit the district court from acting in excess of its jurisdiction.

It appears that in civil cause No. 57863B, the complaint was filed in the district court on May 23, 1963. An amended complaint was filed on May 22, 1964. A summons, dated May 22, 1964, and the affidavit of service of summons, dated June 3, 1966, were filed on September 7, 1966. The alleged service of summons was on June 1, 1966.

On August 18, 1966, the petitioner, through its attorney, made its first appearance in the case. This was a special and limited appearance in the district court for the purpose of making a motion to quash summons and to dismiss the action. This motion was heard by the district court on September 7, 1966. The district court entered an amended order on September 9, 1966, denying petitioner's motion and granting additional time in which to further plead.

Rule 41(e), M.R.Civ.P., was enacted by the legislature during its 1963 Session. It became effective on July 1, 1963. Rule 41(e) was in substance section 93-4705, subd. 7, which had been

inadvertently repealed in 1961. Rule 41(e), as enacted in 1963, read as follows:

"No action heretofore or hereafter commenced shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named in the complaint as a party or not, unless summons shall have been served and return made within three years after the commencement of said action, or unless appearance has been made by the defendant or defendants therein within said three years."

Rule 41(e) was amended in 1965, but this amendment is not relevant to the issue being considered.

Thus, the facts show that the complaint was filed a little over a month before Rule 41(e) took effect.

The issue is whether the district court exceeded its jurisdiction in denying the motion to quash summons and to dismiss the action since the summons had not been served and returned within the three years required by Rule 41(e).

We deem Rule 41(e) is applicable in this case. Rule 41(e) refers clearly to actions "heretofore or hereafter commenced." In addition, Rule 86 deals with the original effective date of the Rules and all subsequent amendments. Rule 86(a) reads in part: "These rules and amendments govern all proceedings and actions brought after they take effect, and also all further proceedings in actions then pending * * *."

The district court's amended order made findings of fact. Finding of fact 4 provided that "The above-entitled action was commenced on 23 May 1963, after the last above-cited session law, which is Rule 41(e), M.R.Civ.P., was approved, but before it became effective." This finding of fact is correct, but the legal result which the district court drew from this finding of fact is erroneous. As previously noted, Rule 41(e) specifically refers to actions "*heretofore* or hereafter

commenced," and therefore applies to actions filed before the effective date. The exceptions provided in Rule 86 are not applicable. For these exceptions to apply, the district court would have had to find that application of the Rule would not be feasible or would work an injustice. The findings of fact do not recite either of these situations. We would find it hard to believe that either finding could be possible on the facts of this case. Rule 41(e) went into effect just a little over one month after the complaint was filed. The language of Rule 41(e) is clear in its reference to "all actions heretofore or hereafter commenced." Any contention that Rule 41(e) was overlooked for a period of nearly three years and therefore that it would work an injustice by its application cannot be sustained. The purpose of the exceptions in Rule 86 was explained in State ex rel. Rozan v. District Court, 147 Mont. 532, 416 P.2d 19.

The district court exceeded its jurisdiction when it denied petitioner's motion.

■ This is a proper case for a writ of prohibition because the district court exceeded its jurisdiction by its order in denying the motion to quash the service and dismiss the action. As applied to the facts of this case, Rule 41(e) directs the district court to dismiss the action on its own motion or on the motion of any party when the summons is not served and returned within three years after the commencement of the action.

■■ The amended order is not an appealable order under Rule 1, M.R.App.Civ.P. The writ of prohibition, section 93-9201, R.C.M.1947, arrests the proceedings of any tribunal when they are without or in excess of jurisdiction.

It is ordered that the writ requested issue directing the district court of the eighth judicial district, in and for the County of Cascade, and the Honorable Truman Bradford, a Judge thereof, to vacate the order denying the motion to quash the service of summons and to dismiss the action, and to enter an order granting the motion to quash and to dismiss the action.

MR. JUSTICES JOHN C. HARRISON, ADAIR, DOYLE and CASTLES, concur.