ALICE F. ROZAN, Plaintiff and Respondent, *v.* EUGENE
D. ROSEN, RODERICK L. DUNGAN, BETTY I. DUNGAN,
JEROME SHULKIN, JANE SHULKIN, NORMA R. RO-
SEN et al., Defendants and Appellants.

No. 11142.
Submitted June 19, 1967. Decided September 19, 1967.
431 P.2d 870.

Raymond Hildebrand, Glendive, Edwin S. Booth, Helena, Cyril Moss, Beverly Hills, Cal., Stanley B. Frosh, Washington, D. C., Jerome Shulkin, Seattle, Wash., for appellants.

Kelly & Carr, Miles City, Frank F. Jestrab, Williston, N. D., for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal by certain defendants from a judgment in favor of plaintiff in an action to quiet title brought in the District Court of Fallon County.

The plaintiff, respondent herein, obtained an interlocutory divorce decree against defendant Maxwell M. Rozan (herein-

after called Rozan) in California. The decree declared that all the property owned at the time the parties separated was community property and awarded 65 percent of that property to the plaintiff. Rozan appealed that judgment and it was upheld with modifications. Rozan v. Rozan, 49 Cal.2d 322, 317 P.2d 11 (1957).

This action was brought by plaintiff to quiet title to certain mineral interests in Fallon County, Montana, on the theory that the interests had been acquired by Rozan with community property. The plaintiff contended that Rozan supplied money to his nephew, defendant Eugene D. Rosen (hereinafter called Rosen), to purchase the "Miller" mineral interest with intent to defraud her of her community property share. Plaintiff also contended that Rozan transferred the "Bellis" interest to his nephew Rosen for no consideration, to the same end. The district court, sitting without a jury, found for the plaintiff.

The appellant contends that the judgment should be reversed for three reasons. First, that the plaintiff's cause of action was barred by the statute of limitations. Second, that plaintiff has not carried her burden of proof. And lastly, that plaintiff should be denied relief on the ground that she does not have clean hands.

We cannot agree with appellant's contention that the cause of action is barred by the statute of limitations. The statute of limitations for fraud is two years from the discovery of the facts constituting the fraud. R.C.M.1947, § 93-2607. It is appellant's position that the facts constituting the fraud were discovered at about the time the plaintiff was renegotiating her fee arrangement with her attorney. That agreement was filed in Fallon County on January 24, 1958. This action was filed on March 11, 1960. The cause of action herein was, however, originally brought on November 24, 1959 as a counterclaim in Civil Suit No. 3646 in Fallon County. The counterclaim was brought within two years of the discovery even accepting appellant's version of the time of the discovery of the

facts constituting the fraud. Thus it was not barred by the statute of limitations.

The counterclaim was dismissed on motion of the appellants herein on November 20, 1963. Under R.C.M.1947, § 93-2708 the plaintiff had one year from the dismissal of the counterclaim to bring another action on the dismissed counterclaim. The case at bar was clearly instituted prior to the expiration of the one-year limitation.

To bring herself within R.C.M.1947, § 93-2708, respondent must show that the dismissal was not voluntary on her part. Tietjen v. Heberlein, 54 Mont. 486, 171 P. 928 (1918). The dismissal of the counterclaim was on the motion of the appellants herein and consequently respondent is within the application of the statute. Since the counterclaim was not barred and this action was brought within the time limit of R.C.M. 1947, § 93-2708, it is not barred by the statute of limitations. Wilson v. Norris, 43 Mont. 454, 117 P. 100 (1911); Peterson v. City of Butte, 44 Mont. 129, 120 P. 231 (1911).

Appellant further contends that in considering the application of the statute of limitations it should date from the filing of the amended complaint, which was filed February 4, 1965, rather than March 11, 1960. Rule 86, M.R.Civ.P., provided that the Montana Rules of Civil Procedure control in all actions pending at the time they took effect on January 1, 1962, unless the court is of the opinion that they should not so control. (State ex rel. Rozan v. District Court, 147 Mont. 532, 416 P.2d 19 (1966)). The lower court made no finding as is required by Rule 86, thus the question of relation back of the amended complaint is controlled by Rule 15(c), M.R.Civ.P.

The controlling question under Rule 15(c), is whether "[T]he claim * * * asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading * * *." Professor

Moore describes the character of amendments which will relate back as follows:

"* * * Rule 15(c) is based on the concept that a party who is notified of litigation concerning a given transaction or occurrence has been given all the notice that statutes of limitation are intended to afford. Thus, if the original pleading gives fair notice of the general fact situation out of which the claim or defense arises, an amendment which merely makes more specific what has already been alleged * * * will relate back even though the statute of limitations has run in the interim. * * *

"The Federal Rules have broadened the meaning of the concept of 'cause of action,' shifting the emphasis from a theory of law as to the cause of action, to the specified conduct of the defendant upon which the plaintiff relies to enforce his claim. And an amendment which changes only the legal theory of the action, or adds another claim arising out of the same transaction or occurrence, will relate back." (Footnotes omitted.) 3 Moore's Federal Practice 2d. § 15.15(3), p. 1021.

In the case at bar it is clear that the allegation of fraud was the basis for the quiet title action. This is admitted by the appellant in his brief where he says:

"Since the action to quiet title depends upon the proof in an action to establish the fraud on the part of the appellant, the Complaint must stand or fall on the case for fraud."

The amended complaint merely stated the allegations of fraud specifically. Since the quiet title action stood or fell on the facts establishing fraud the amended complaint relates back to the time of filing the quiet title action.

Appellant's second specification of error is that the plaintiff did not prove that the mineral interests were acquired with community property, nor that Rozan and Rosen conspired to defraud her. When such a question is presented to this court is will only review the evidence to ascertain whether there is substantial evidence in the record to sustain the find-

ings of the court. Teesdale v. Anschutz Drilling Company, 138 Mont. 427, 357 P.2d 4 (1960), and cases cited therein. The trier of facts is in the best position to observe the demeanor of the witnesses and determine the truth of the testimony. In the case at bar the transcript and exhibits are voluminous. From all this material a reasonable man can find that Rozan and Rosen conspired to defraud plaintiff of her community property share. This court will not sit as a second trier of facts. The record contains substantial evidence to support the findings of the lower court.

Appellant's third basis for appeal is that plaintiff has not come into equity with clean hands. The essence of appellant's claim is that the plaintiff made deliberate errors in the proposed findings of fact prepared by her counsel and submitted to the court and in the computation of damages. In addition, that the proposed findings of fact and conclusions of law so prepared by the plaintiff were not served on the appellant. Appellant did, however, move to amend the court's findings of fact and conclusions of law and his motion was granted in part so he was heard thereon. State ex rel. Rozan v. District Court, supra.

As to the contended errors in the findings of fact in the computation of damages, there is nothing to show that those items were the result of a deliberate attempt to mislead the court.

Section 93-5305, R.C.M.1947, provides that in cases tried by the court the judgment shall not be reversed on appeal for defects in the findings unless exceptions are made in the district court. No exceptions to the findings complained of here by the appellant were made in the district court and defects cannot be raised for the first time upon appeal. We find that the allegation of lack of clean hands is without substance and relief should not be denied on that ground.

The judgment is affirmed.

MR. JUSTICE CASTLES, ADAIR and JOHN CONWAY HARRISON concur.