DORA T. THERRIEN, DOING BUSINESS AS WESTERN NEON, PLAINTIFF AND APPELLANT, *v.* CARROLL HOPKINS, DEFENDANT AND RESPONDENT.

No. 11302.
Decided April 9, 1968.
439 P.2d 769.

Richard Heinz (argued), Polson, for appellant.

F. N. Hamman (argued), Polson, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON, delivered the Opinion for the Court.

This is an appeal from a judgment for the defendant in an action to recover on a contract. Appellant sought to recover unpaid lease rentals due under a contract for the lease of a sign. Respondent counterclaimed for damages allegedly caused by the malfunction of the sign. The district court sitting without a jury, found for respondent on the claim for unpaid rentals and awarded respondent attorney's fees. No damages were awarded on the counterclaim.

The issues on appeal can be simplified to two: Whether the evidence supports the findings of the lower court and the construction of a clause in the lease.

The sign in question was installed on the respondent lessee's property pursuant to an oral agreement with the appellant on April 23, 1961. The sign was supposed to flash on and off. The sign kept breaking down and appellant was required to make numerous trips to repair it. According to respondent he would not sign the written lease because of the malfunctioning of the sign. For the same reason, respondent did not make any rental payments. After a conference with the appellant, respondent agreed to sign the lease if certain changes were made. Pursuant to this agreement appellant wrote on the front of the lease that "if present flasher does not work Western Neon will put a neon arrow on top of sign and have it flashing, and to satisfy lessee or Dairy Queen owner." The lease was signed by respondent on January 12, 1962. At the same conference the parties agreed on a compromise amount

of rent for 1961 because of the malfunctioning of the sign during that period.

The arrow called for in the lease was installed on May 19, 1962. According to respondent, on June 26, 1962, the rent due was paid and notice was given appellant that the sign was not satisfactory and appellant should come and get his sign. Appellant does not remember being given this notice. No further rental payments were made. Appellant made no move to reacquire the sign. This action was brought in 1966 to recover the rental payments for 1962, 1963, 1964 and 1965.

Turning to the first issue, whether the evidence supports the findings of the district court. The addition of the clause set out above makes this a "satisfaction contract." If respondent was dissatisfied and this was communicated to appellant, no rental payments would be due. It was appellant's own option that the sign remain on respondent's property. Appellant contends that the dissatisfaction must be in good faith and that this was not proven. The question of good faith is for the trier of fact and this court will only review to see if there is substantial evidence in the record to support the findings. Rozan v. Rosen, 150 Mont., 121. 431 P.2d 870, 24 St. Rep. 666.

The respondent testified that he gave notice to take the sign away. This was the only evidence on this question, and the lower court apparently accepted it as true. There is substantial evidence that the sign did not work properly and this had been true from the time it was installed. The respondent testified that the arrow was not large enough to attract the attention which would have been attracted if the sign flashed as originally contemplated. Respondent did not unreasonably delay giving notice to appellant after the arrow called for in the lease was installed. Although there is evidence to the contrary we find there is substantial evidence that respondent's dissatisfaction was in good faith.

Appellant next contends that even if notice was given

it was not timely for a provision in the lease states: "It is agreed by the User that after the display has been installed and operating for five (5) days, unless otherwise notified by the User, the Owner will consider the Display accepted in accordance with the terms of the agreement." By this language notice must be given within five days after the display has been installed. But the sign was installed for approximately 9 months before the contract was signed. Thus, that provision would have no effect. The provision calling for lessee's satisfaction could not be subject to the above condition since at the time of adding the satisfaction clause the 5 days had long passed.

Further, we do not find it logical to say that the provision should apply to the addition of the arrow for that was but a repair made on the sign.

Since the lease called for payment of attorney's fees to the prevailing party the award of attorney's fees to respondent was proper and the judgment is affirmed.

MR. JUSTICES HASWELL, ADAIR, CASTLES and JOHN CONWAY HARRISON, concur.