No. 12272

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

WILLIAM L. BROTHERS,

Plaintiff and Respondent,

-vs-

SURPLUS TRACTOR PARTS CORPORATION,

Defendant and Appellant.

---

Appeal from:   District Court of the Second Judicial District,
Honorable John B. McClernan, Judge presiding.

Counsel of Record:

For Appellant:

Poore, McKenzie & Roth, Butte, Montana.
Allen R. McKenzie argued, Butte, Montana.

For Respondent:

Corette, Smith & Dean, Butte, Montana.
Gerald R. Allen argued, Butte, Montana.

---

Submitted:   October 18, 1972

Decided: **FEB 2 7 1973**

Filed: **FEB 2 7 1973**

Thomas J. Kearney
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from a judgment entered for plaintiff William L. Brothers in the amount of $3,500, on a jury verdict in the district court of the second judicial district, county of Silver Bow. From that judgment and from the court's denial of a new trial, defendant Surplus Tractor Parts Corporation appeals.

The action was brought to recover damages for claimed defective replacement tractor parts. Initially, the action was brought on a tort theory of negligence which was enlarged during the course of trial to include an additional contract theory of breach of warranty.

Defendant Surplus Tractor Parts Corporation hereinafter called Surplus, has assigned four grounds of error:

1. The trial court erred in allowing a variance between the claim pleaded, which was based on negligence, and the claim relied on at trial, which was based on breach of warranty.

2. The trial court erred in submitting jury instructions which were based on both theories and were conflicting, inconsistent and confusing.

3. The trial court erred in refusing to grant a new trial.

4. The evidence was not sufficient to justify the verdict on either contract or tort liability, or the amount of damages.

In September 1968, plaintiff William L. Brothers, hereinafter called Brothers, purchased from Surplus fourteen new rollers and other related tractor parts to be used as replacement parts on his TD 24 Tractor, at a total cost of $3,000, including freight. Brothers claimed to have installed and lubricated the rollers in accordance with competent mechanical practice. Surplus claimed that both the installation and lubrication were faulty.

Brothers claimed that after about 200 hours of operation,

six of the rollers began leaking oil.  He notified Surplus and received six new seals.  Shortly after Brothers replaced the seals, the rollers again began to leak and he sent them back to Surplus for inspection.  Upon the subsequent return of the rollers from Surplus, Brothers claimed they began leaking oil before they could be installed or used.  Brothers then bought six rollers from another firm and installed them on his tractor.

At trial, Brothers testified that none of the rollers bought from the other firm were leaking oil after 900-1000 hours of use, but that seven of the eight remaining rollers purchased from Surplus were leaking oil.  Brothers contended this kind of roller should last from 3000 to 4000 hours.  He claimed total damages of over $9,000 due to the defective rollers and the con- sequential loss of employment while the tractor was inoperable.

The trial court issued seventeen instructions to the jury, including stock instructions.  We will briefly examine the in- structions relevant to assignment of error No. 2, in general terms.

Instruction No. 4 defines negligence and raised contrib- utory negligence.

Instruction No. 5 defines contributory negligence.

Instruction No. 6 defines proximate cause.

Instruction No. 8 is a short statement about warranty.

Instruction No. 9 is a short statement on express warranty.

Instruction No. 10 reads:  "You are instructed that in this case the plaintiff seeks to establish liability by showing a breach of warranty.  A breach of warranty may be established without proof of negligence on the part of the defendant."

Instruction No. 11 instructs that there is an implied warranty of merchantability in this case.

Instruction No. 12 instructs that plaintiff and defendant are bound by express warranty in defendant's catalogue.

- 3 -

Instruction No. 13 instructs that if improper use of the rollers is found, plaintiff cannot recover under breach of warranty.

Instruction No. 14 on damages reads:

"You are instructed that the measure of damages arising from the breach of an obligation arising from contract is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom."

Instruction No. 15 reads:

"The law does not permit you to guess or speculate as to the cause of the damage to the tractor parts in question. If the evidence is equally balanced on the issue of negligence or proximate cause, so that it does not preponderate in favor of the plaintiff, then he has failed to fulfill his burden of proof.

"To put the matter in another way, if after considering all the evidence, you should find that it is just as probable that either the defendant was not negligent, or if it was, that its negligence was not a proximate cause of the accident, as it is that some negligence on its part was such cause, then the case against the defendant has not been established and your verdict must be for the defendant."

Instruction No. 16 reads:

"The reasonable cost of repairs necessary to restore the property to the condition it was in immediately before the damage, and the reasonable value of loss of use pending repairs, are the determining factors in arriving at the amount of damages.

"It is only the reasonable and necessary cost of making such repairs, within a reasonable period of time after the damage occurred, that can be allowed; and the repairs allowable are only those which are actually necessary to put the property back into as good condition as it was before the damage occurred. The owner is not entitled to have the property put back into better condition than before the damage. Nor is the owner entitled to be compensated for loss of use beyond the time reasonably required to complete the necessary repairs."

In light of the evidence presented at trial and considering the effect the instructions would have on the understanding

- 4 -

of an average juryman as to what determinations of fact he was required to make in arriving at a verdict, we find merit in the second assignment of error. Montana law pertaining to error in jury instructions as it has been construed by this Court is that the test of a jury instruction is not what the ingenuity of counsel for appellant can make of it, but rather the ordinary understanding of the instructions taken as a whole. Long v. Byers, 142 Mont. 46, 381 P.2d 299. That is the general rule. Here, we find the jury instructions, taken as a whole, to be inconsistent and contradictory to each other to a degree that would confuse the average juryman and require reversal.

Respondent Brothers contends in his brief: "If error was committed by the presentation of negligence instructions, Surplus may not avail itself of the invited error". In view of the fact that it was Brothers who originally introduced the negligence theory in his complaint and then changed to a contract theory at trial, he cannot here successfully contend that Surplus invited error in defending on both theories.

Appellant's first and second assignments of error are related in that the basis of objection to the jury instructions arose as a result of variance at trial between the theories of tort and contract. The second assignment of error pertaining to the jury instructions is alone grounds for granting a new trial, consequently the first assignment of error pertaining to the court's allowing amendment of the pleading to conform to the proof becomes less important to the outcome. However, since it is a related issue, we will comment briefly on it.

Montana rules of civil procedure, based on federal rules, are essentially notice pleading statutes rather than the more formal code or fact pleading statutes in effect in many jurisdictions. Under Rule 8(a), M.R.Civ.P., a pleading requires only:

1.  A short and plain statement of the claim showing that the pleader is entitled to relief.

2.  Demand for judgment for the relief to which he deems himself entitled.  Under this rule, relief in the alternative or several different types of relief may be demanded.

Under Rule 15(b), M.R.Civ.P., pleadings may be amended to conform to the evidence when issues not raised by the pleadings are tried by the express or implied consent of the parties.

The Montana Rules of Civil Procedure with the liberal construction they have been given by this Court, have often saved needless litigation over purely formal procedural matters by allowing the courts to directly consider the merits of the case. Reilly v. Maw, 146 Mont. 145, 405 P.2d 440.

However, it was neither intended nor advisable that counsel in this state neglect to thoroughly research their cases before drafting pleadings, in reliance on the liberality of the courts in granting amendments.

In Gallatin Trust and Savings Bank v. Darrah, 152 Mont. 256, 261, 448 P.2d 734, the Court stated:

> "It is generally accepted that the appellant cannot recover beyond the case stated by him in his complaint.
>
> " * * *
>
> " * * * this Court believes that fair notice to the other party remains essential, and pleadings will not be deemed amended to conform to the evidence because of 'implied consent' where the circumstances were such that the other party was not put on notice that a new issue was being raised. 1A Barron & Holtzoff § 449; Otness v. United States, D.C. Alaska, 1959, 23 F.R.D. 279." (Emphasis added).

Rule 15(b), M.R.Civ.P., in Montana and in federal jurisdictions generally, has been applied liberally in favor of allowing amendment of pleadings to conform to the evidence.  In Union Interchange, Inc. v. Parker, 138 Mont. 348, 357 P.2d 339, we

- 6 -

stated that it was the rule to allow such amendments and the exception to deny them. In Nester v. Western Union Telegraph Co., (D.C. Cal.1938) 25 F.Supp. 478, amendment was allowed to change the theory of liability upon which the plaintiff sought recovery from tort to contract. See 6 Wright & Miller, Federal Practice and Procedure: § Civil 1493.

Rule 15(b), M.R.Civ.P., should be applied liberally to avoid the old requirements of formalism and to allow litigants to proceed efficiently on the merits of the case. However, leave to amend pleadings under Rule 15(b), cannot be granted arbitrarily or perfunctorily because the result would create a question of due process in cases where the defendant may not have an adequate opportunity to prepare his case on the new issues raised by the amended pleadings, therefore the facts attendant to each case become controlling.

As a practical matter, the instant case amply demonstrates the perils of changing the theory of liability during the course of trial. Jury instructions by both litigants relating to both theories may be submitted and given to the jury, which when read as a whole become contradictory and confusing.

In view of our holding on assignment of error No. 2, we do not deem it necessary to comment further on assignment of error No. 1, as it will not arise on retrial and in view of a retrial on the merits we will not comment on assignments of error Nos. 3 and 4.

The judgment of the district court is reversed and the cause remanded for a new trial.

_____
Associate Justice

We concur:

_James E. Harrison_
Chief Justice

_Frank I. Haswell_

_Wesley Castles_

_John Conway Harrison_
Associate Justices