No. 89-047

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

JUDY THOMAS a/k/a JUDY BEEMAN,

        Plaintiff and Appellant,

  -vs-

STATE OF MONTANA, DEPARTMENT OF
REVENUE,

        Defendant and Respondent.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Jerome J. Cate; Cate Law Firm, Billings, Montana

        For Respondent:

            Matthew F. Heffron, Agency Legal Services, Helena,
Montana
David W. Woodgerd, Dept. of Revenue, Helena, Montana
John H. Maynard, Tort Claims Div., Helena, Montana

Submitted on Briefs: June 8, 1989

Decided: August 30, 1989

Filed:

_____
Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal by plaintiff/appellant Judy Thomas a/k/a Judy Beeman (hereinafter referred to as the plaintiff) from the District Court of the Thirteenth Judicial District, Yellowstone County, Montana. Plaintiff appeals the District Court's denial of her "Motion for Leave to File Amended Complaint." We reverse.

This action was commenced on August 1, 1985, wherein the plaintiff sought to recover damages from the State of Montana, Department of Revenue (hereinafter referred to as the State). Plaintiff's original complaint alleged that the State was liable for passive negligence.

The original complaint filed on August 5, 1986, alleged the following facts. On or about November 8, 1983, the plaintiff was walking past a State Liquor Store retail outlet in Billings, Montana. On that day, an employee of the liquor store, while washing the store's windows, negligently left window cleaning equipment, including a broomstick type device and pail, lying on the sidewalk. As she walked past the store, on a public walkway, she fell over the broomstick type device and pail, lost her balance, and fell to the ground injuring herself.

Paragraph III of the original complaint read:

> That on or about the 8th day of November, 1983, an employee of the Defendant, DEPARTMENT OF REVENUE, or someone on its behalf, was in the process of cleaning windows on the aforesaid premises and had negligently left some of the window cleaning equipment, including a broomstick type devise [sic] and pail laying [sic] across the sidewalk. The Plaintiff, in walking on the public walk way [sic], fell over the broomstick and pail and as a result thereof incurred

2

personal injury, including injury to her face, head, right arm and knees with a result of cervical myofacitis [sic] and lumbosacral myalgia and neurological injuries.

The original complaint further alleged that as a result of the State's negligence, the plaintiff has incurred medical expenses, pain and suffering, and will continue to to incur medical expenses as a direct result of her injuries from the incident. Plaintiff requested judgment against the State for special and general damages, costs and other relief the District Court deemed just and proper.

On June 2, 1988, the State filed its motion for summary judgment and brief in support thereof, based upon the following grounds:

> 1. That there is no genuine issue as to any material fact upon the issue of the State's liability in this action, and that the defendant State of Montana is entitled to judgment as a matter of law;

> 2. The State of Montana breached no legal duty owed to plaintiff;

> 3. Plaintiff's own comparative negligence caused her fall[.]

On June 27, 1988, plaintiff filed her brief in opposition to the State's motion for summary judgment, to which the State on July 5, 1988, filed its reply brief in support of the motion for summary judgment.

The District Court, in its order filed October 31, 1988, granted the State's motion for summary judgment and dismissed plaintiff's action, subject to the filing of an amended complaint within ten days which would allege a new theory of negligence. In accordance with that order, plaintiff filed on November 4, 1988 her motion for leave to file an amended complaint. The State filed its brief in

opposition to plaintiff's motion on November 21, 1988. Plaintiff alleged in her affidavit, amended complaint, and now on appeal to this Court, that the employee who was washing the windows placed the handle of a squeege mop between her legs and tripped her.

Paragraph III of plaintiff's amended complaint reads as follows:

> On or about November 8, 1983, the Plaintiff was passing in front of Defendant's store on a public walk way [sic] and was negligently tripped by an employee of Defendant causing the Plaintiff to fall incurring personal injury including injury to her face, head, right arm and knee resulting in cervical myofacitis [sic] and lumbosacral myalgia and neurological injuries.

On November 30, 1988, the District Court denied the plaintiff's motion for leave to file an amended complaint. The court denied the plaintiff's motion because the amended complaint alleged new facts, i.e., that the State's employee acted affirmatively rather than passively. The District Court in its memorandum which accompanied the November 30, 1988 order stated in part:

> Had Plaintiff's new theory of negligence set forth in her amended complaint arisen out of the same conduct, transaction or occurrence as the claim set forth in her original complaint, justice would have required that the court grant Plaintiff's motion for leave to file amended complaint. . . Plaintiff's claim in her amended complaint is barred by the statute of limitations and her motion must be denied.

Plaintiff's sole issue on appeal is whether the District Court erred in denying plaintiff's motion for leave to file an amended complaint.

Paragraph III of the original complaint and paragraph III of the amended complaint both allege the same time, same place, same persons, essentially the same activities, and essentially the same tort. The original complaint stated that the State had negligently left equipment on the sidewalk and the plaintiff fell over the equipment. In contrast, the amended complaint stated that the plaintiff was negligently tripped by an employee of the State. We conclude that is essentially the same conduct, transaction and occurrence and that the basis of the amended claim is the same as the previous claim.

We conclude that plaintiff's original complaint stated an adequate claim and the amended complaint clearly meets the requirement of Rule 8(a), M.R.Civ.P., that the averments of pleadings be simple, concise and direct. See, Brothers v. Surplus Tractor Parts Corporation (1973), 161 Mont. 412, 506 P.2d 1362; Butte Country Cl. v. Metropolitan San. & S. S. D. No. 1 (1974), 164 Mont. 74, 519 P.2d 408.

We hold that the District Court erred in denying leave to file the amended complaint and in granting summary judgment resulting therefrom. See, Flanigan v. Prudential Federal Sav. & Loan (1986), 221 Mont. 419, 720 P.2d 257; Sooy v. Petrolane Steel Gas, Inc. (1985), 218 Mont. 418, 708 P.2d 1014; Lien v. Murphy Corp. (1982), 201 Mont. 488, 656 P.2d 804; and Rozan v. Rosen (1967), 150 Mont. 121, 431 P.2d 870.

We reverse and direct the District Court to allow the plaintiff to file her amended complaint.

_Conway Harrison_
Justice

5

We concur:

_J. A. Turnage_
Chief Justice

_John C. Sheehy_

_William E. Hunt_

_____
Justices