LAWRENCE J. OLSEN AND MATTILDA J. OLSEN, PLAINTIFFS AND APPELLANTS, v. UNITED BENEFIT LIFE INSURANCE COMPANY, A CORPORATION, DEFENDANT AND RESPONDENT.

No. 11181.
Submitted September 13, 1967. Decided October 3, 1967.
432 P.2d 381.

Hoyt & Bottomly, Great Falls, B. Miles Larson Jr., Stanford, Richard V. Bottomly (argued), Great Falls, for appellants.

Hughes & Bennett, George T. Bennett (argued), Helena, for respondent.

PER CURIAM:

Plaintiffs instituted this action in the district court of Fergus County to recover certain commissions and renewal commissions on the sale of policies issued by the defendant and sold by the plaintiff Lawrence J. Olsen, and others, while Olsen, was under contract with the defendant insurance company as a salesman. Following the trial before the court, sitting without a jury, the court made and entered findings of fact, conclusions of law, order for judgment and judgment. Parenthetically, we have examined the record and the findings and find them completely substantiated, hence it is not necessary to discuss those matters in view of what is hereinafter set forth. On February 11, 1966, plaintiffs were served with notice of entry of the findings and judgment. It should be noted that defendant submitted proposed findings to the court but the plaintiffs did not do so. Following entry of the findings and judgment neither side filed any exceptions. On February 21, 1966, plaintiff Lawrence J. Olsen filed a motion for a new trial. This motion was not acted upon within the time provided by section 93-5606, R.C.M.1947, and by the provisions of the statute was deemed denied. This appeal was then taken.

Appellants' brief contains one heading: "Statement of Facts." No effort has been made to comply with the provisions of Rule 23, M.R.Civ.App.P., in that the brief contains no table of contents, no table of cases, no statement of issues or specifications of error, nor appendix.

In the course of the brief, appellants state: "This case in the main involves questions of fact in which plaintiff contends the Court's findings were in error and in error as the Court applied such facts to the law."

We recently stated in Rozen v. Rosen, 150 Mont., 431 P.2d 870, that "Section 93-5305, R.C.M.1947, provides that in cases tried by the court the judgment shall not be reversed on appeal for defects in findings unless exceptions are made in the district court. No exceptions to the findings complained of here by the appellant were made in the district court and de-

fects cannot be raised for the first time upon appeal." This has long been the law of Montana. See Tolson v. Tolson, 145 Mont. 87, 399 P.2d 754; Park Saddle Horse Co. v. Cook, 89 Mont. 414, 300 P. 242; Haggin v. Saile, 23 Mont. 375, 59 P. 154 (1899), and cases cited therein.

We appreciate that counsel on appeal are not the same counsel who tried the case in the district court, but the employment of new counsel cannot change the record and such new counsel takes the case on the record then appearing.

In view of the lack of exceptions to the findings, section 93-5305, R.C.M.1947, there is nothing for this court to decide. Since no justiciable issues are presented this court has the power, sua sponte, to dismiss the appeal. See Wilson v. State Highway Comm'n, 140 Mont. 253, 370 P.2d 486, and cases therein cited.

For the foregoing reasons this appeal is dismissed.