KENNON STAPP, Plaintiff and Appellant, v. JACK W. NICKELS and SHAROL NICKELS, Defendants and Respondents.

No. 11156.
Submitted September 11, 1967. Decided November 7, 1967.
Rehearing denied December 15, 1967.
434 P.2d 141.

Robert Hurly (argued), Glasgow, for appellant.

Paul E. Hoffmann, Glasgow, Alexander, Kuenning & Hall, John Hall (argued), Great Falls, for respondents.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a judgment entered upon findings of

fact and conclusions of law. The judgment was simply that the plaintiff take nothing by this action.

Plaintiff brought an action to enjoin the defendants from interference with plaintiff's use of a road. The road had been cabled and locked by defendants on their own land; but the contention of plaintiff was that it was a public road.

Plaintiff leases 1,000 acres from the United States government. The land is bounded on the north and east by the Missouri River, on the west by lands of the defendants, on the south by federal land leased and controlled by plaintiff. This land on the south is somewhat steep "bad-land" terrain. The north and east are essentially blocked by the river.

The only roadway giving access to plaintiff's leased farm land was a road described in the evidence as No. 1A. Two other roads, described as No. 1 and No. 2 lead from existing county roads to No. 1A. Road No. 1A crosses lands acquired by defendants from McCone County in the year 1940.

Plaintiff farmed the Government leased lands raising hay and grain crops. In the year 1965 defendants forbade the use of road No. 1-A to plaintiff and in July of that year erected a cable and padlock across the roadway. Plaintiff obtained a temporary restraining order keeping the road open.

Subsequently a trial of the issues was had with the judgment for the defendants. Plaintiff had sought a permanent injunction against defendants, damages, and exemplary damages as and for oppression and malice.

The trial court made findings of fact. The essential finding to focus on the main issue presented on appeal is as follows:

"That plaintiff has failed to establish his right of use in the roadways designated herein as No. 1, 1-A and 2."

It follows that if plaintiff failed to establish his right to the use of road No. 1A, that defendants on their own land could not be restrained from locking the cable across the road; and therefore no damages would follow.

Thus, the main issue here is whether the district court erred

in finding that the plaintiff had failed to establish a public use in Road No. 1A. Much is said in both briefs about Roadways Nos. 1 and 2; but since their use would not avail to the plaintiff the access he seeks, no extended discussion need be had. The interference alleged against defendants was as to the use of Road No. 1A and any discussion of Roadways Nos. 1 and 2 is somewhat academic.

We have considerable difficulty in attempting an analysis of plaintiff's various positions. Several factors contribute. The district court's findings may have gone further than necessary since they included findings as to Roads Nos. 1 and 2 whereas road No. 1A as discussed above is all that was necessary to the result. However, even more important, no exception to the findings of fact were made. Under the authority of Olsen v. United Benefit Life Ins. Co., Mont. 432 P.2d 381, which case relied on Rozan v. Rosen, 150 Mont. 431 P.2d 870, the failure to except to the findings is fatal.

Apparently counsel, not only in this case but in others, are seriously misinterpreting Rule 46, M.R.Civ.P. Rule 46 merely states that "formal" exceptions are not necessary, but it goes on to note that if the party "makes known" the action he desires, etc., it is sufficient. Note that this language is in connection with the trial. R.C.M.1947, § 93-5305, was *not* repealed. That section provides that in cases tried by the court the judgment shall not be reversed on appeal for defects in the findings unless exceptions are made in the district court. Perhaps the confusion is in the word "exceptions" as used in Rule 46 and in section 93-5305. *But whatever the reason for the confusion, we emphasize here that section 93-5305 is still the law.* The effect is that counsel must point out his exceptions to the findings so that the trial court may have an opportunity to correct them. The failure to do so results in the findings becoming final and the judgment will not be reversed. Now then, section 93-5502 was repealed by the adoption of the Civil Rules, but its import did not go to section 93-5305 as noted above.

This effect is noted in the annotation to section 93-5502 and in the Table C, Statutes superseded, of M.R.Civ.P.

Even though the failure to except to the findings here makes them final, nonetheless we shall discuss the issues presented.

Roadways Nos. 1 and 2 lead from public ways and at an intersection become a single way, that of No. 1A. The trial court found that at the time defendants purchased section 8 across which roadway No. 1A passed, in 1940, there were no maintained access roads to serve the land of the plaintiffs, "* * * although there was evidence of many trails which over the years had served the area in the past, but such trails had fallen into disuse for lack of construction, maintenance and repair, and were impassable by ordinary motor vehicles."

The trial court also found as a fact that in the year 1952 defendants constructed roadway No. 1A, equipping it with culverts and gates, "* * * at the sole expense of defendants; that said roadway was constructed along a course which in some stretches adopted ancient trails and used by defendants' predecessors; that throughout the years said roadways designated herein as No. 1 and 1A have not followed a definite and fixed course, but have been located and relocated from time to time by prior users and by defendants in their effort to maintain the roadway in such a manner as to reduce erosion, cost of maintenance and repair, and to suit their own convenience."

The trial court also specifically found that use of road No. 1A had previously been permissive, and that no public use had been established either by use, dominion, or maintenance.

What we have referred to hereinbefore as the single issue to be considered, that of the status of road No. 1A, is attacked in several different ways by the plaintiff, appellant here. The plaintiff lists the grounds as follows:

(1) Admission of the defendant Nickels;

(2) Federal statutes guaranteeing access to Federal lands;

(3) Federal grazing regulations guaranteeing access to Federal lands;

(4) Roadway reservations by McCone County;

(5) Bureau of Reclamation leases with both parties guaranteeing access;

(6) Defendant Nickels is not the owner of the lands over which roads 1 and 2 run; and

(7) Plaintiff Stapp had no duty to construct a new road to reach Federal lands.

Of these alleged grounds, we have heretofore indicated that (6) above is not in issue as, in any event, if roadway No. 1A is not public, plaintiff would not have access. The status of roads Nos. 1 and 2 are of no consequence, and we are neither approving nor disapproving the trial court's findings as to them. The point is that the judgment appealed from simply denies relief to the plaintiff and does not settle any property rights.

As to ground (7) above, both parties make much of an issue as to whether plaintiff had access to the government lease through his own controlled lands. This issue might have had a bearing on the damage issue but has nothing to do with the legal status of road No. 1A.

We will therefore rearrange and consolidate the alleged grounds of error for discussion purposes as follows:

(1) Admissions of defendant;

(2) Effect of Federal provisions; and

(3) Effect of a roadway reservation by McCone County.

The plaintiff asserts that defendant Nickels admitted on the stand that plaintiff "had a right to use road No. 1A." A very short excerpt of testimony out of context does indicate that result; but considered with the entire context it is clear that the alleged admission was no admission at all. We could develop this further, but it would serve no useful purpose. Suffice it to say that defendant Nickels continued to assert that if plaintiff would have done his part in building and maintaining the road, he would have been allowed to continue to use it.

The various Federal provisions alleged as grounds for

error can be, for simplicity of understanding, stated as follows: Plaintiff is a lessee of Federal land; defendants are lessees or permittees of Federal land. Because the Federal leases or permits and/or regulations provide in substance that obstruction of entry on Federal range is prohibited, plaintiff reasons that defendants cannot restrict the use of their own private land. Just the statement of the issue in these simple terms shows the logic untenable insofar as it applies to Road No. 1A. It lies on defendants' own land.

As to issue No. 3 above, defendants purchased the land from McCone County. The deeds, reflected in plaintiffs' exhibit 7, stated: "Reserving to McCone County, the right of way for all roads now located upon, or hereafter established on or over the above premises."

■■ It follows, of course, that before the reservation is effective, there must have been a road to reserve. We shall not concern ourselves with whether the reservation was definite and certain. Neither do we need discuss whether roads "hereafter established" could be affected. If such a reservation were interpreted to mean that literally, we doubt whether it would be constitutional.

■ The facts as found, and we find borne out by the record, is that no public road as such was proven to have existed. It is true that a 1908 U. S. Geological Survey map shows a trail or even a road in the general area. It is likewise true that subsequent aerial photos show some sort of trails or roads through the same terrain if our photo interpretation means anything. But the testimony contained on the subject bears out the findings hereinbefore quoted in part that the roadways have not followed a definite and fixed course, have been relocated from time to time, have never been publicly maintained, have never been generally used by the public adversely to the owner nor in any way has a public road by prescriptive right been established. For a discussion of the law on establishment of a pub-

lic roadway by prescription see our discussion in Kostbade v. Metier, 150 Mont. 432 P.2d 382.

For the foregoing reasons, the judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES HASWELL, ADAIR and JOHN CONWAY HARRISON concur.