C. R. SCHMIDT AND EVELYN H. SCHMIDT, HIS WIFE, APPELLANTS AND PLAINTIFFS, v. DONALD R. LLOYD AND EDNA C. LLOYD, HIS WIFE, ALBERT E. KIENAS AND ST. REGIS PAPER CO., RESPONDENTS AND DEFENDANTS.

No. 11414.

Submitted November 20, 1968. Decided November 27, 1968.

447 P.2d 485.

Keller & Farlin, Robert S. Keller (argued), Kalispell, for appellants.

Marshall H. Murray, (argued), Kalispell, J. F. Fennessy, Jr., Libby, for respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal from the district court of Lincoln County. It appears that this cause was tried before Honorable Frank I. Haswell, sitting without a jury. Prior to rendering a decision Judge Haswell was appointed an associate justice of this court but the parties stipulated that the judge might retain jurisdiction of the cause and his decision was given on September 21, 1967.

At the trial the plaintiffs were represented by the firm of Rockwood and Sykes, the defendants by Marshall Murray, Esq. Robert C. Sykes, following the departure of Judge Haswell to the Supreme Court, was appointed district judge to succeed him. Then the remaining member of the firm, Forrest C. Rockwood, Esq., merged his practice with Marshall Murray, Esq. Then came the decision from Judge Haswell. Rockwell notified the plaintiffs that he could not do anything for them because of a conflict in interests but to protect them he did file a notice of appeal. Plaintiffs thereafter sought new counsel but they had difficulty and it was not until mid-November of 1967 that they were able to obtain the services of their present counsel. No exceptions to the court's findings of fact had been made on behalf of the plaintiffs and the new counsel for the plaintiffs applied to this Court to have the appeal dismissed without prejudice in order that a motion for relief under Rule 60, M.R.Civ.P., could be made in the district court.

We granted the request of the plaintiffs and the cause was returned to the district court and application for relief under Rule 60 was made. The relief sought was to have

the judgment vacated as to date and re-dated as of the date of granting the relief, which would then permit plaintiffs to file exceptions to the findings or take whatever steps counsel deemed necessary for the protection of his clients. The motion for such relief was denied.

Rule 60(b), M.R.Civ.P., provides that on motion and upon such terms as are just, the court may relieve a party from a final judgment for certain stated reasons or any other reason justifying relief from the operation of the judgment.

Respondents' position is that there did exist a period of time, approximately 15 days, between the elimination of Judge Sykes and Forrest C. Rockwood as counsel and that during that period plaintiffs could have obtained counsel; that the relief requested is discretionary with the district court and in the absence of an abuse thereof the judgment should not be disturbed.

With these contentions of the respondents we do not disagree but we have here litigants who were deprived of their counsel through no fault of their own and by reason of the statutory law and the rulings of this Court failure to file exceptions to findings may have a dire effect on the efficacy of their appeal. Rozan v. Rosen, 150 Mont. 121, 431 P.2d 870; Olsen v. United Benefit Life Ins. Co., 150 Mont. 147, 432 P.2d 381; Stapp v. Nickels, 150 Mont. 220, 434 P.2d 141; Daley v. Daley, 150 Mont. 432, 436 P.2d 88.

Since our rules should be liberally construed, in view of the situation here prevailing and to the end that justice be done, the district court should have granted the relief sought and failure to do so constitutes an abuse of discretion.

The order appealed from is reversed and the district court is directed to grant the motion for relief as prayed for by plaintiffs.

MR. JUSTICES ADAIR, CASTLES and JOHN C. HARRISON, and THE HONORABLE VICTOR H. FALL, District Judge sitting for Justice Haswell, concur.