In the Matter of the Estate of JOSEPH DOLEZILEK,. Sr., Deceased. R. A. SMILEY, Plaintiff and Appellant,. v. CHARLES DOLEZILEK et al., Defendant and Respondent.

No. 11442.
Submitted May 15, 1970.
Decided Dec. 18, 1970.
Rehearing Denied Jan. 7, 1971.
478 P.2d 278.

Denzil R. Young, argued, Baker, R. A. Smiley, argued, Belle Fourche, S. D., for plaintiff and appellant.

Larry Persson, argued, Hamilton, Kline & Axtell, Glasgow, for defendant and respondent.

MR. JUSTICE DALY delivered the Opinion of the Court.

This is a consolidated appeal of four actions each tried to the court without a jury in Roosevelt County. In the first action deceased's will was denied probate on a finding of lack of testamentary capacity and he was declared to have died intestate. Two actions by attorneys concern rejected creditors' claims for services they rendered deceased during a period of time deceased was allegedly incompetent. The fourth action is on a rejected creditor's claim filed by the former wife of deceased, whose marriage was annulled on findings that the deceased lacked the mental capacity to enter into the marriage contract.

The events relevant to these appeals all occurred during the years of 1954 to January 22, 1960, the date of the death of Joseph Dolezilek, Sr., at the age of 97 years.

On July 2, 1954, Joseph Dolezilek, Sr., then aged 92, married Agnes Presslar, then aged 48.

In November 1954, attorneys R. A. Smiley and the firm of Young and Martin brought an action for Joe, Sr. against his son James Dolezilek to recover certain real property. Interest on their fees is the subject of one appeal before the Court.

On August 12, 1955, Joe, Sr. executed his last will and testament. This is the subject of the first action in this appeal.

In September 1956, James Dolezilek petitioned to have a guardian appointed for his father, Joe, Sr., alleging he was incompetent and unable to handle his business affairs. Thereafter a guardian was appointed for Joe, Sr.

On September 15, 1956, James Dolezilek filed an action against his stepmother (Agnes Presslar Dolezilek) to annul the marriage between her and Joe, Sr., alleging Joe, Sr. was not mentally competent to enter into the marriage contract. The court entered judgment November 27, 1957 in favor of plaintiff James Dolezilek on the basis of lack of capacity. This judgment was not appealed. Attorneys Smiley and Mar-

tin represented defendant Agnes Presslar Dolezilek in the action at the request of Joe, Sr.; their fees and costs are the subject of another of the appealed judgments before this Court.

To summarize the consolidated legal problem presented here we shall refer to the individual attorneys collectively as the appealing attorneys as opposed to the Estate. This will prevent confusion and will not affect the result.

The appealing attorneys are the proponents of the last will and testament of Joe, Sr., Roosevelt County Probate No. 2338. The trial court denied probate and filed its findings of fact and conclusions of law which set out that Joe, Sr. lacked testamentary capacity and was not of sound and disposing mind at the date of the execution of the will. The estate is being probated as an intestacy.

Following the death of their client, the appealing attorneys filed claims in the estate for fees and costs for services rendered in the real property action filed in 1954, and the annulment action terminated in November 1957. Upon rejection of these claims by the administrator, they were consolidated and tried as Roosevelt County Civil Nos. 5987 and 5988. The court entered its findings of fact and conclusions of law in each cause which found deceased incompetent to contract for the services in these actions and denied fees and costs in the annulment action, but on the basis of necessity to preserve the incompetent's property awarded attorney R. A. Smiley $1,318.04 and attorney Young $1,355.29 and costs in the real property action. The court refused to allow interest on this award and this portion is before us on appeal.

The fourth action consolidated at trial and here is Roosevelt County Civil No. 5989. This action results from a creditor's claim by Agnes Presslar for amounts claimed owed to her for loss of earnings and food; meals and travel advanced on the marriage trip; and a claim for $4,000 the amount of a promissory note endorsed to her by the deceased, all dur-

ing their marriage, later annulled. The court made findings of fact and conclusions of law which disposed of the claims on the basis of no capacity to make gifts or contract and that the balance did not state a claim for which relief could be granted.

In all the causes, Nos. 2338, 5987, 5988, 5989, the appealing attorneys failed to file objections to the findings of fact and conclusions of law. They filed for the first time in this Court as a statement of issues, objections to the findings of fact and conclusions of law, as follows:

"STATEMENT OF ISSUES

"I.

"IN THE MATTER OF THE ESTATE OF JOSEPH DOLE-ZILEK, SR. DECEASED—PROBATE NO. 2338

"The Court erred in its Findings of Fact No. III and its Conclusion of Law No. I in finding that Joseph Dolezilek, Sr. lacked testamentary capacity and was not of sound and disposing mind and in denying probate of the Last Will and Testament of said Joseph Dolezilek, Sr.

"II.

"R. A. SMILEY vs. CHARLES DOLEZILEK, ADMINISTRATOR

"CIVIL NO. 5987

"DR. R. YOUNG, JR., ET A. vs. CHARLES DOLE-ZILEK, "ADMINISTRATOR—CIVIL NO. 5988

"The Court erred in its Findings of Fact No. VII and in Conclusions of Law No. I and No. III in each of the above named cases, said Findings and Conclusions in both cases being substantially identical.

"III.

"The Court erred in refusing to allow interest on the judgments in favor of the plaintiffs, R. A. Smiley in Case No. 5987 and Denzil R. Young, Jr. and A. B. Martin, d/a/a Martin & Young, in Case No. 5988 either from the date services ceased being rendered to Joseph Dolezilek, Sr. or from the date the creditor's claims were filed in the above entitled estate.

"IV.

"AGNES PRESSLAR vs. ADOLPH HIBL, ET AL
"CIVIL NO. 5989

"The Court erred in its Findings of Fact No. V, No. IX,, No. XII, and No. XIII, and Conclusions of Law No. I, No. II, No. III, and No. IV."

The respondent estate raised the question and presented argument in its brief concerning the failure to file objections to the findings and conclusions in the district court and then presenting these objections for the first time in this Court. Although appellants did not file a reply brief, they urged on oral argument Ferguson v. Standley, 89 Mont. 489, 300 P. 245 and Cobban v. Hecklen, 27 Mont. 245, 70 P. 805, quoted in *Ferguson,* as authority to demonstrate that this was not a requirement inasmuch as section 93-5305, R.C.M.1947, as interpreted by *Ferguson* and *Cobban,* refers to *"omissions"* and has no application where findings are attacked for what they declare DEFECTIVE, i.e., that the evidence does not support them. True, this may be read into these cases of 40 years ago but they have long since by implication in numerous cases been overruled and we hereby expressly overrule them.

The rule of law that now applies under section 93-5305, R.C.M.1947, has been clearly enunciated recently in Olsen v. United Benefit Life Ins. Co., 150 Mont. 147, 432 P.2d 381; Rozan v. Rosen, 150 Mont. 121, 431 P.2d 870, and further explained in Stapp v. Nickels, 150 Mont. 220, 223, 434 P.2d 141, 143, in the following language:

"Apparently counsel, not only in this case but in others, are seriously misinterpreting Rule 46, M.R.Civ.P. Rule 46 merely states that 'formal' exceptions are not necessary, but it goes on to note that if the party 'makes known' the action he desires, etc., it is sufficient. Note that this language is in connection with the trial. *R.C.M.1947, § 93-5305, was not repealed. That section provides that in cases tried by the court the judgment shall not be reversed on appeal for defects in the*

*findings unless exceptions are made in the district court.* Perhaps the confusion is in the word 'exceptions' as used in Rule 46 and in section 93-5305. But whatever the reason for the confusion, we emphasize here that section 93-5305 is still the law. The effect is that counsel must point out his exceptions to the findings so that the trial court may have an opportunity to correct them. The failure to do so results in the findings becoming final and the judgment will not be reversed. Now then, section 93-5502 was repealed by the adoption of the Civil Rules, but its import did not go to section 93-5305 as noted above. This effect is noted in the annotation to section 93-5502 and in the Table C, Statutes superseded, of M.R.Civ.P."

█ Again, this simply means that counsel must point out in some manner his exceptions to the findings and conclusions so the trial court may have an opportunity to correct them. If this is not done, there is no obligation on this Court to discuss the issues.

█ However, in this appeal the Court has examined the record and does find sufficient substantial evidence to support the findings and conclusions of the trial court; for these reasons the judgments in the four matters herein consolidated are affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, MR. JUSTICES CASTLES, HASWELL and JOHN C. HARRISON, concur.