STATE OF MONTANA ex rel. FRANK R. BENNETT, RE-
LATOR AND RESPONDENT, v. JOHN DOWDALL, Superinten-
DENT OF BANKS FOR THE STATE OF MONTANA, RESPONDENT
AND APPELLANT.

No. 11915.
Submitted February 9, 1971.
Decided March 8, 1971.
Rehearing Denied April 5, 1971.
482 P.2d 572

12

Robert L. Woodahl, Atty. Gen., William Snell, Asst. Atty. Gen., argued, Helena, for appellant.

Knight, Dahood & Mackay, Wade J. Dahood, argued, Anaconda, for respondent.

PER CURIAM.

Relator and respondent filed a motion to dismiss this appeal on the ground no exceptions to the findings had been filed in the district court. The motion was set for hearing and following the hearing an order was issued reserving decision on the motion until final submission of the cause on its merits.

Thereafter relator and respondent moved this Court to rescind its order staying the execution of the peremptory writ of mandamus issued on July 29, 1970, for the reason that it was issued contrary to the provisions of Rule 7(c), M.R.App.Civ. P.

As to this contention, it is true that Rule 7(c) of the Rules of Appellate Civil Procedure provides there shall be no stay of proceedings on an order which grants a writ of mandamus unless the payment or allowance of money or its equivalent is involved. However, this is not conclusive. The applicable portion of Rule 7(c) relied on by the movant is the same as the wording of the latter part of section 93-8014, R.C.M.1947, formerly section 7109 of the 1907 Code of Civil Procedure. Mr. Chief Justice Brantly stated in State ex rel. Brass v. Horn, 36 Mont. 418, 421, 93 P. 351, 352, in relation to these same words:

"We shall not pause to consider the question whether the sections of the statute supra prohibit, or do not provide for, a stay in such cases. It may be conceded that they do not; yet it does not therefore follow that the defendant may not nevertheless have a stay of execution and therefore an effective ap-

peal. Under another provision of the Constitution (section 3, art. 8) this court has power to effectuate its appellate jurisdiction by the use of any original or remedial writ which the necessities of a particular case may demand. Finlen v. Heinze, supra [27 Mont. 107, 69 P. 829, 70 P. 517]. This, of course, includes the power to issue a supersedeas or any other appropriate writ in aid of an appeal which would otherwise be ineffectual.''

These words were quoted with approval in Gill v. Liquor Control Board, 133 Mont. 505, 326 P.2d 974. This ground of the motion to dismiss lacks merit.

It was further moved that the appeal should be dismissed because of failure of appellant to comply with section 93-9109, R.C.M.1947, which movant contends requires a motion for new trial be filed when mandamus is granted. However, section 93-9109, R.C.M.1947, merely requires that if a motion for new trial is made it shall be filed in the same court in which the issue of fact was tried.

Movant's final ground is that because appellant filed no exceptions to the district court's findings of fact, such findings are final and as they fully support the judgment, the appeal should be dismissed. Appellant's response to this contention is twofold:

(1) the findings do not support the judgment, and

(2) where the proposed findings of a party clearly disclose his position, formal exceptions to the court's contrary findings are not required.

The district court made finding of fact XIV as follows:

''That in Respondent's examination of individuals and businessmen in the community, a great majority of those interviewed recommended and approved the granting of the charter herein, and although the Respondent did ascertain that the public convenience and advantage would not be promoted by the granting of this charter, and that was the only reason for his failure to grant such charter, he testified that he would not oppose and have no objection to the granting of a Federal bank charter

to the proponents herein, which indicates to this Court that the decision of the Respondent was arbitrary and discriminatory, and that Respondent exhibited a total lack of discretion.''

The district court also made the following conclusion of law 5:

''That in refusing to grant the charter, or certificate of authorization, pursuant to relator's application, the respondent has acted arbitrarily, with discrimination, and with a total lack of discretion.''

Appellant contends that the district court's finding of fact XIV does not support its conclusion of law 5 and thus the judgment is not supported by the findings and conclusions of the district court. We cannot accept this reasoning. A fair reading of the findings of fact as a whole discloses that although the superintendent of banks ''did ascertain that the public convenience and advantage would not be promoted by the granting of this charter,'' there was no basis for his ultimate conclusion of fact, therefore his refusal to grant the charter constituted arbitrary discriminatory action not involving the exercise of legal discretion.

With respect to his failure to except to the findings, appellant contends that the previous statutory stricture that no judgment shall be reversed on appeal for defects in the findings unless exceptions are made in the district court no longer applies. Appellant points out that this provision was contained in section 93-5305, R.C.M.1947, which was superseded by the amendment of Rule 52, M.R.Civ.P., effective July 1, 1969. Therefore, appellant argues, the line of cases based on section 93-5305, exemplified by Stapp v. Nickels, 150 Mont. 220, 434 P.2d 141, no longer controls and our decision after the 1969 amendment in the Estate of Dolezilek, Sr., 156 Mont. 224, 478 P.2d 278, 27 St.Rep. 850, should be reexamined and overruled.

▉▉ We think not. The purpose of 1969 amendment to Rule 52 is clearly stated in the Advisory Committee's note to the 1969 amendment;

''Sections 93-5302, 93-5305, 93-5306, and 93-5307, R.C.M.1947, are hereby superseded. The purpose of changing Rule 52, along

with the change made in Rule 46, is twofold. It should eliminate the confusions that now exist with respect to the lack of necessity of making exceptions to the rulings and orders of the court, as distinct from the requirement that appropriate exceptions be made to findings of the court on trial of fact issues. In addition, it incorporates in this one rule the existing practice and procedure with respect to exceptions to findings of the court, and eliminates the necessity of researching for, and referring separately to, controlling statutes, case decisions, and rules, and then trying to correlate all three."

Subsection (b) of the amendment requires that:

"* * * a party *shall* serve on all other parties and file with the court in writing any exceptions which such party may have with respect to the finding or findings * * *." (Emphasis supplied).

This requirement is mandatory by its plain language. If exceptions to the findings are required, and if the purpose of the amendment is to incorporate in one rule the existing practice and procedure with respect to exceptions to findings of the court, how can it be concluded that existing case law is no longer controlling- Incorporation in amended Rule 52 of the express statutory language of section 93-5305, R.C.M.1947, that no judgment shall be reversed on appeal without exceptions to the findings would be superfluous under these circumstances.

Accordingly, the motion to dismiss the appeal is granted.