## WALDEMAR SORENSON, Plaintiff and Respondent, *v.* BOB LYNCH, Defendant and Appellant.

No. 11971.
Submitted February 9, 1971.
Decided March 24, 1971.
Rehearing Denied April 12, 1971.
483 P.2d 907.

Paul H. Cresap, Sidney, Leif B. Erickson (argued) Helena, for appellant.

Berger, Anderson & Sinclair, Billings, James Sinclair (argued) Billings, for respondent.

MR. JUSTICE DALY delivered the Opinion of the Court.

This action was tried in the district court of the seventh judicial district in Richland County, sitting without a jury, the Honorable L. C. Gulbrandson, Judge presiding.

Plaintiff filed the cause on March 25, 1966, to recover $900 paid to defendant in connection with an oral agreement made on August 30, 1963, to purchase defendant's residence house in Sidney, Montana, for $23,000. Plaintiff alleged that after the oral agreement defendant failed to reduce agreement to writing as agreed and refused to return plaintiff's $900 payment. Defendant filed a counterclaim alleging he sold the house the following spring of 1964 for $3,000 less than the $23,000 agreed upon by plaintiff and asks for $2,100 from plaintiff to compensate him for his loss occasioned by plaintiff's failure to perform his oral contract.

The court entered its findings of fact and conclusions of law on August 14, 1970 and final judgment for plaintiff in the amount of $900 and interest at 6% per annum from date of judgment on August 24, 1970.

Defendant appeals from the final judgment entered on August 24, 1970.

The parties do not agree on the issues presented by this appeal. Defendant asserts there is but a single issue: whether a vendee under an oral contract for the purchase of land, who refuses to perform, can recover back a down payment from a vendor willing to perform. Plaintiff, on the other hand, contends that defendant's failure to except to the findings of fact in the district court is fatal to his appeal, and secondly that the trial record substantiates the district court's findings of fact in any event. Although we base our decision herein on defendant's failure to except to the findings of the district court, a brief resume of the facts shown by the record is advisable.

The plaintiff agreed orally to purchase defendant's home for a total sale price of $23,000. The property was in the hands of a real estate agent named Bill L. Mullin and on August 30,

1963, at about midday, Mullin and defendant arranged to accept
$900 from plaintiff with a notation on the check "down pay-
ment on land" and at this point defendant left Mullin and the
plaintiff and went to the bank to cash the check. Mullin testi-
fied that he and the plaintiff then went to the office of an
attorney to arrange for terms of the sale and to have them
reduced to a written agreement, which was to be executed by
the parties. The plaintiff testified he did not accompany Mul-
lin to an attorney's office or anywhere. Mullin testified he met
the plaintiff the following day, August 31, 1963, and pre-
sented plaintiff with the agreement, executed by defendant
and himself, but not by defendant's wife, and plaintiff refused
to sign the agreement and called off the deal. Plaintiff testi-
fied he never was given or saw any papers or agreement but
did meet Mullin on August 31st, informed him he was not going
to buy the house and asked for the return of his money. De-
fendant testified he went to plaintiff's home on the afternoon
of August 30th and visited with plaintiff and his wife and
left a key for the house to be purchased. Both plaintiff and
his wife testified this was not true and defendant had not
been at their home. However, plaintiff admitted he had been
given a key to the house in question.

Defendant contends that Mullin, called by plaintiff at the
trial and not as an adverse witness, establishes the necessary
facts giving rise to an oral contract of purchase under which
plaintiff cannot recover the $900 payment he made from a
vendor willing to perform.

Plaintiff contends that no contract of purchase was estab-
lished by the evidence, hence plaintiff is entitled to a refund.
He additionally points out that the defendant did not file
exceptions to the findings of fact and the conclusions of law
of the district judge and cannot now put the trial court in
error or raise his exceptions for the first time on appeal, citing
Rule 52, M.R.Civ.P., and the following cases interpreting
Rule 52. Rozan v. Rosen, 150 Mont. 121, 431 P.2d 870 (1967);

Olsen v. United Benefit Life Ins. Co., 150 Mont. 147, 432 P.2d 381 (1967); Stapp v. Nickels, 150 Mont. 220, 434 P.2d 141 (1967), and additionally Smiley v. Dolezilek, 156 Mont. 224, 478 P.2d 278, at oral argument. This case was decided after briefs were filed.

▮ We cannot agree that the district court was bound by Mullin's testimony. The facts which would tend to establish a contract in this matter by defendant and his agent Mullins on the one hand were denied in toto by plaintiff and to some extent by plaintiff's wife on the other. Lacking independent testimony which could have been offered to resolve this conflict, the district judge preferred to believe the plaintiff and this evidence is sufficient to support the findings complained of here.

▮ We now pass to the decisive issue upon appeal, viz. whether the failure to except to the findings of the district court therein is fatal to this appeal. This subject has been more than amply treated in the case citations, supra, but these cases were questioned in the latest treatment of Rule 52, M.R.Civ.P., in the State of Montana ex rel. Bennett v. Dowdall, Supt. of Banks for State of Montana, 157 Mont. 11, 482 P.2d 572, decided March 8, 1971 and the Court again explained the rule as follows:

"With respect to his failure to except to the findings, appellant contends that the previous statutory stricture that no judgment shall be reversed on appeal for defects in the findings unless exceptions are made in the district court no longer applies. Appellant points out that this provision was contained in section 93-5305, R.C.M.1947, which was superseded by the amendment of Rule 52, M.R.Civ.P., effective July 1, 1969. Therefore, appellant argues, the line of cases based on section 93-5305, exemplified by Stapp v. Nickels, 150 Mont. 220, 434 P.2d 141, no longer controls and our decision after the 1969 amendment in the Estate of Joseph Dolezilek, Sr., 156 Mont., 224 478 P.2d 278, should be reexamined and overruled. "We think

not. The purpose of the 1969 amendment to Rule 52 is clearly stated in the Advisory Committee's note to the 1969 amendment:

" 'Sections 93-5302, 93-5305, 93-5306, and 93-5307, R.C.M. 1947, are hereby superseded. The purpose of changing Rule 52, along with the change made in Rule 46, is twofold. It should eliminate the confusions that now exist with respect to the lack of necessity of making exceptions to the rulings and orders of the court, as distinct from the requirement that appropriate exceptions be made to findings of the court on trial of fact issues. In addition, it incorporates in this one rule the existing practice and procedure with respect to exceptions to findings of the court, and eliminates the necessity of researching for, and referring separately to, controlling statutes, case decisions, and rules, and then trying to correlate all three.'

"Subsection (b) of the amendment requires that:

" '* * * a party *shall* serve on all other parties and file with the court in writing any exceptions which such party may have with respect to the finding or findings * * *.' (Emphasis supplied.)

"This requirement is mandatory by its plain language. If exceptions to the findings are required, and if the purpose of the amendment is to incorporate in one rule the existing practice and procedure with respect to exceptions to findings of the court, how can it be concluded that existing case law is no longer controlling? Incorporation in amended Rule 52 of the express statutory language of section 93-5305, R.C.M.1947, that no judgment shall be reversed on appeal without exceptions to the findings would be superfluous under these circumstances.

"Accordingly, the motion to dismiss the appeal is granted."

Accordingly, the judgment of the district court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN C. HARRISON, HASWELL and CASTLES, concur.