DOROTHY TURNER, Plaintiff and Respondent, v. RO-
BERT LEE TURNER, Defendant and Appellant.

No. 11887.
Submitted April 15, 1971.
Decided May 10, 1971.
484 P.2d 1303.

E. F. Gianotti, argued, Great Falls, for appellant.

Berger, Anderson & Sinclair, James Sinclair, argued, Billings, for respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from an order entered on findings of fact and conclusions of law by the district judge of the Thirteenth Judicial District, Yellowstone County. The order requires defendant to make certain payments to plaintiff, to make child support payments, and pay attorney fees.

Findings of fact and conclusions of law were made. No exceptions were taken. A motion to dismiss the appeal was made on the grounds contained in Rules 46 and 52, M.R.Civ.P.

The parties were divorced in May 1956. Plaintiff was awarded custody of three minor children and defendant was ordered to pay $40 per child per month, which he did until the fall of 1968. In 1968, the oldest child Larry was 18 years of age; Vickie was 16 and Lynn 13. The family home was in need of repairs.

In the fall of 1968 the defendant agreed to pay $225 per month for child support, the increase to be used to repay a $1500 loan plaintiff had incurred to repair the family home. The home was repaired and defendant paid as agreed until November 1969, when he reduced the payments.

The court found defendant should pay $70 per month through May 1972, to repay the loan, which he had agreed to; $75 per month to support and educate daughter Vickie, even though she is now 18 years of age; $75 per month support for daughter Lynn; and $300 attorney fees.

As noted, the defendant-appellant did not except to the findings of fact or conclusions of law and cannot now put the court in error or raise his exceptions for the first time on appeal. See Smiley v. Dolezilek, 156 Mont. 224, 478 P.2d 278; Sorenson v. Lynch, 157 Mont. 116, 483 P.2d 907; State ex rel. Bennett v. Dowdall, 157 Mont. 11, 482 P.2d 572.

Here the findings of fact amply support the conclusions of law and thus failure to except is fatal and the motion to dismiss is granted. We note in passing that even on the merits, appellant would have no meritorious appeal.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES JOHN C. HARRISON, DALY, and HASWELL, concur.